

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0147-09

**TIMOTHY K. EVANS, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### BEXAR COUNTY

**HOLCOMB, J.,** *delivered the opinion for a unanimous Court.*

### O P I N I O N

In this case, we must determine whether the principles of double jeopardy prohibit the State from obtaining two convictions – indecency with a child[1] and aggravated sexual assault of a child[2] – based on a single act of molestation. Given the particular circumstances of this case, we affirm the court of appeals which had held that appellant's double jeopardy rights were violated.

*Background*

---

[1] TEX. PEN. CODE § 21.11.

[2] TEX. PEN. CODE § 22.021(a)(1)(B) & (a)(2)(B).

In a two-count indictment, appellant Timothy K. Evans was charged with aggravated sexual assault of a child and indecency with a child by contact, committed against the same victim and on the same date.[3]  On January 24, 2008, a jury found appellant guilty on both counts.  Appellant was sentenced to confinement for sixty years for aggravated sexual assault and twenty years for indecency with a child.  The sentences were to run concurrently.[4]

Appellant's sole issue on direct appeal was that his convictions for aggravated sexual assault

---

[3]Count One of the indictment alleged that on or about January 23, 2005, appellant "did intentionally and knowingly cause the SEXUAL ORGAN of [the complainant], a child who was younger than 14 years, to CONTACT AND PENETRATE the MOUTH of THE DEFENDANT."  Count Two alleged that appellant, on the same date, "did intentionally and knowingly engage in sexual contact with [the complainant], A MALE CHILD YOUNGER THAN SEVENTEEN (17) YEARS by touching the PART OF THE GENITALS of [the complainant] with the intent to arouse or gratify the sexual desire of any person."

[4]The facts of this case are not pertinent to the legal issue before us.  We adopt the court of appeals' opinion to present the following information to the interested reader.  *See Evans v. State*, No. 04-08-00076-CR, 2008 Tex. App. LEXIS 8476 (Tex. App.— San Antonio, November 12, 2008) (not designated for publication).

The complainant, C.C., a twelve-year-old boy, was spending the night at the house of some family friends, Mario Borjas and his partner, David Ewell.  Appellant, who was drunk, was also there.  Both C.C. and appellant slept in the living room, but on separate couches.  According to C.C.'s testimony, he had fallen asleep while watching television, but woke up when he felt appellant's teeth on his "private."  His pants and underwear were down at his knees, but he had not pulled them down.  He rolled over to get appellant off.  Appellant told him not to tell anyone.

According to Ewell's testimony, he was asleep in his bedroom, but woke up at some point and heard the television.  He peeked in the living room to see why the television was still on, and saw C.C. asleep on the couch and appellant kneeling beside him, kissing C.C.'s head and caressing his shoulders.  Appellant then went into the kitchen, and Ewell heard him get a drink of water.  Appellant returned to the living room, and Ewell saw him kiss C.C.'s forehead, massage C.C., and then kiss C.C.'s feet and toes.  Appellant then went to the kitchen for another drink of water.  He returned to the living room again, and Ewell saw him kissing C.C.'s head again.  Ewell also heard appellant say that "this can't be talked about with anybody."  Appellant then passed out on the floor.  According to Ewell, he did not see appellant's mouth contacting C.C.'s penis nor see appellant engage in any form of copulation.

of a child and indecency with a child violated his federal and State constitutional rights to be free from double jeopardy because both convictions were based on the same incident. The court of appeals agreed, and reversed and rendered a judgment of acquittal on Count II (indecency with a child), while affirming the judgment on Count I (aggravated sexual assault of a child). *Evans v. State*, No. 04-08-00076-CR, 2008 Tex. App. LEXIS 8476, at *1 (Tex. App.— San Antonio, November 12, 2008) (not designated for publication). We granted review solely to consider whether "the holdings of *Cunningham v. State*, 726 S.W.2d 151 (Tex. Crim. App. 1987), and *Ochoa v. State*, 982 S.W.2d 904 (Tex. Crim. App. 1998), [have] been undermined by the Court's subsequent decision in *Hall v. State*, 225 S.W.3d 524 (Tex. Crim. App. 2007)."

*Discussion*

The Double Jeopardy Clause of the Fifth Amendment, applicable to all states through the Fourteenth Amendment, protects an accused against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977). The present case involves multiple punishments resulting from a single prosecution. In this context, the State may seek a multiple-count indictment based on violations of different statutes, even when such violations are established by a single act; but the defendant may be convicted and sentenced for only one offense. *Ball v. United States*, 470 U.S. 856, 865 (1985). A double jeopardy violation occurs even when, as in the case before us, the sentences are concurrent and the impermissible conviction does not result in a greater sentence. *Id.* at 864-65. The remedy for impermissible multiple convictions and punishments is to retain the most serious offense and vacate the other(s). *Bigon v. State*, 252 S.W.3d 360, 372-73 (2008). The "most serious offense" is ordinarily defined as the offense for

which the greatest sentence was assessed. *Id.* at 373.

The State agrees that this Court held in *Cunningham* that all of the elements of indecency with a child are included in aggravated sexual assault of a child, and that indecency with a child is therefore a lesser-included offense of aggravated sexual assault of a child. The State also agrees that this Court reached the same conclusion in *Ochoa* because of its earlier decision in *Cunningham*. The State argues, however, that the holdings in both *Ochoa* and *Cunningham* have been undermined by this Court's subsequent decision in *Hall*.

We disagree. The State is correct in stating that in *Hall*, we rejected any form of lesser-included-offense analysis which employed a comparison of the evidence in a case with the elements of the lesser offense.[5] The State is also correct in pointing out that "*Cunningham* was the first decision enumerated in *Hall* as a case in which such rejected analysis had been employed." But *Hall* rejected only the analysis employed in *Cunningham*. There was nothing in that decision to show our disapproval of the result reached in *Cunningham*. In addition, we find it important that the concurrence in *Ochoa* itself had disagreed with the majority's decision to follow *Cunningham*, yet agreed with the result reached in *Ochoa*, which was the same as the result in *Cunningham*. *See Ochoa*, 982 S.W.2d at 909 (Keller, J., concurring) ("I agree with the result reached by the majority

---

[5]As we explained in *Hall*, we consider only the statutory elements of the greater offense, "as they were modified by the particular allegations in the indictment," in the first step of the lesser-included-offense analysis. 225 S.W.3d at 536. We then compare those modified elements with the statutory elements of the alleged lesser offense. *Id.* We then ask the question posed by Article 37.09(1) of the Texas Code of Criminal Procedure: whether the elements of the lesser offense are "'established by proof of the same or less than all the facts required to establish[] the commission of the offense charged'?" *Id.* (quoting TEX. CODE CRIM. PROC. art. 37.09(1)). It is only if the answer to that question is in the affirmative that we then take the second step of the analysis, in which we examine the evidence produced at trial to determine whether it warrants giving the lesser-included-offense instruction to the jury. *Id.*

but disagree with the majority's reliance upon *Cunningham v. State*, 726 S.W.2d 151 (Tex. Crim. App. 1987)[,] to dispose of the issue presented."). As the concurrence clearly noted, "*Cunningham*'s conclusion that an offense was lesser-included based *upon proof at trial* appears to be contrary to precedent from the Supreme Court and this Court." *Id.* (emphasis in original).

In fact, the concurrence in *Ochoa*, in supporting its conclusion that indecency with a child is a lesser-included offense of aggravated sexual assault of a child, rebutted the same arguments raised by the State in the present case. *See id.* at 909-11. For instance, the State in the present case argues that the offense of indecency with a child contains an element, *i.e.,* the specific "intent to arouse or gratify the sexual desire of any person," which is not found in the statutory definition of aggravated sexual assault. But the concurrence in *Ochoa* concluded that the "'intent to arouse or gratify' sexual desire" does *not* "constitute[] a fact contained in the indecency offense that is not found in the aggravated sexual assault offense." 982 S.W.2d at 910 (Keller, J., concurring). As it explained,

> "Intent to arouse or gratify sexual desire" is part of the *definition* of "sexual contact." I find it significant that the Legislature chose to use the words "sexual contact" -- denoting a lesser form of touching than "penetration" -- and included the "intent to arouse or gratify sexual desire" in the definitional section. That legislative choice supports the conclusion that the "sexual desire" wording was not intended as an extra element not contained in the sexual assault statutes. Rather, the "sexual desire" language appears to be intended to denote a form of touching, short of penetration, that is sexual in nature. While it may be theoretically possible to commit the various forms of penetration proscribed without the intent to arouse or gratify sexual desire, the Legislature's inclusion of these acts within the sexual assault statutes is a clear indication that the Legislature believed the acts to be inherently sexual in nature. But, a mere touching may not be inherently sexual, and hence, the Legislature needed to define the conduct in such a way as to indicate its sexual nature. Hence, touching the female sexual organ with the intent to arouse or gratify sexual desire is a lesser-included species of conduct of the intentional or knowing penetration of the female sexual organ.

*Id.* (emphasis added).

This reasoning is applicable to the present case in two important respects. First, the indecency with a child statute would be quite broad without the proviso of "intent to arouse or gratify the sexual desire of any person," because it pertains to "any touching" and does not require any intent to harm or assault the child. Thus, it could technically apply to even the most legitimate handling of a child, for example, a mother washing or bathing her own child. It is only through the proviso of "intent to arouse or gratify the sexual desire of any person" that the statute excludes instances of such legitimate handling of the child. But such a proviso is unnecessary in the aggravated sexual assault of a child statute because both the title (*aggravated* sexual *assault*) of the statute and the severity of the conduct proscribed (penetration) ensure that the statute would not be applied to any legitimate handling of the child.

Second, even though the concurrence in *Ochoa* concluded the foregoing quote with an emphasis on the female sexual organ, *see id.*, indicating a female complainant, the reasoning expressed in that quote applies with even greater force in the present case in which the complainant was male, and appellant was charged with intentionally and knowingly causing the complainant's sexual organ to contact and penetrate appellant's mouth. In fact, we cannot imagine how it would be even theoretically possible to commit this particular form of penetration without an intent to arouse or gratify one's sexual desire. Thus, there is no need to refer to the evidence produced at trial in this case. The language in the indictment is sufficient to show that indecency with a child is a lesser-included offense of aggravated sexual assault of a child in the present case.[6]

---

[6]*Ochoa*, 982 S.W.2d at 908 (concluding that indecency with a child is a lesser-included offense of aggravated sexual assault of a child where both charges are based on the same incident). *See also id.* at 911 (Keller, J., concurring) (charging appellant with two different

The State refers to our decision in *Farrakhan v. State*, 247 S.W.3d 720 (Tex. Crim. App. 2008), in which we discussed the concept of "functional equivalence" that had been considered in *Jacob v. State*, 892 S.W.2d 905 (Tex. Crim. App. 1995). The State concedes that *Hall* approved the use in the lesser-included-offense analysis of a concept similar to functional equivalence when it stated that "the elements of the lesser offense do not have to be pleaded if they can be *deduced* from the facts alleged in the indictment." *Hall*, 225 S.W.3d at 535 (emphasis added). In fact, the State "wholeheartedly agrees with the utilization of the concept of 'necessary inclusion' or 'subsumption of elements' in lesser-included-offense analyses." The State further concedes that it is possible to argue that "even though the specific intent to 'arouse or gratify the sexual desire of any person' is not specifically stated as an element of sexual assault, nevertheless such specific intent can be *deduced* from the conduct necessary to sexual assault, and therefore, it is *subsumed* by an allegation of sexual assault." (Emphasis added.) In spite of these concessions, however, the State asserts that any such conclusion regarding a possible subsumption of the specific intent would belie the legislative history of Penal Code Section 22.011.

But the State does not cite, and we could not find, a single statement by a single legislator to support its assertion. The State's arguments are based only on speculation as to what the Legislature might or might not have intended. But the texts of the statutes are unambiguous and an application of the plain language of the statutes would not "lead to absurd consequences that the Legislature could not *possibly* have intended." *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991) (emphasis in original). Therefore, the real question is whether the texts of the indecency-with-a-child and aggravated-sexual-assault-of-a-child statutes themselves clearly express a

statutes for the same incident consisted of a double jeopardy violation).

legislative intent to inflict multiple punishments for a single incident. We agree with the concurrence in *Ochoa* that "[n]o such clear intent appears in the language of the statutes," and that, "in fact, the language appears to indicate the contrary." 982 S.W.2d at 910 (Keller, J., concurring). As the concurrence explained again, the "'sexual desire' language is incorporated merely as a *definition* of 'sexual contact,' a phrase that denotes a lesser amount of conduct than 'penetration.'" *Id.* (emphasis added). This conclusion is further supported by the fact that "both statutes contain a parallel exclusion of spouses from their reach." *Id.*

Conclusion

The court of appeals reached the correct result by holding that indecency with a child is a lesser-included offense of aggravated sexual assault of a child when both offenses are predicated on the same act. We affirm the judgment of the court of appeals.


DELIVERED: DECEMBER 16, 2009.

PUBLISH