

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,431

**EX PARTE BILLY DON SMITH, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2006-1465-C2 IN THE 19TH DISTRICT COURT
### FROM MCLENNAN COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of aggravated sexual assault and three counts of indecency with a child and sentenced to fifteen years' imprisonment on each count. The Tenth Court of Appeals affirmed his convictions. *Smith v. State*, No. 10-07-00126-CR (Tex. App.–Waco 2008, pet ref'd).

Applicant contends, among other things, that he was subjected to multiple punishments in violation of the Double Jeopardy Clause and that his trial counsel rendered ineffective assistance.

On March 3, 2010, we remanded this application for findings of fact and conclusions of law. On remand, the trial court made findings and conclusions and recommended that we deny relief. We agree that trial counsel was not ineffective. However, based on our own independent review of the record, we find that Applicant committed a single act when he touched the complainant's genitals (Count II) and digitally penetrated her sexual organ (Count I). The jury could not have convicted and punished Applicant for both of these offenses. *Evans v. State*, 299 S.W.3d 138, 141-42 (Tex. Crim. App. 2009). When a defendant is subjected to multiple punishments in violation of the Double Jeopardy Clause, the appropriate remedy is to retain the most serious offense and set aside the other(s). *Bigon v. State*, 252 S.W.3d 360, 372-73 (Tex. Crim. App. 2008). Accordingly, Applicant's conviction for indecency with a child, Count II, in cause number 2006-1465-C2 from the 19th Judicial District Court of McLennan County is set aside. Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: October 6, 2010
Do Not Publish