WR-81,346-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/25/2015 2:51:56 PM
Accepted 3/25/2015 3:10:07 PM
ABEL ACOSTA
CLERK

**RICHARD E. WETZEL**
ATTORNEY AT LAW

1411 WEST AVENUE, SUITE 100
AUSTIN, TX 78701
(512) 469-7943

Board Certified Criminal Law
And Criminal Appellate Law by
The Texas Board of Legal Specialization

(512) 474-5594 - fax
wetzel_law@RECEIVEDom
www.TexasCriminalAppealsLawyer.com

RECEIVED
COURT OF CRIMINAL APPEALS
3/25/2015
ABEL ACOSTA, CLERK

February 5, 2015

Gayle Henderson
District Clerk
400 S. Nelson
Fort Stockton, TX
79735-7132

Re: Ex parte Ernest Villanueva, No. P-2664-83-CR, in the 83rd
District Court of Pecos County and WR-81,346-01 in the Texas Court
of Criminal Appeals

Dear Clerk Henderson:

Pursuant to TEX. R. APP. P. 34.5(c)(1), this letter will serve as my official request for you to prepare and file a supplemental Clerk's Record in the above-styled and numbered cause. The Clerk's Record previously filed does not contain a copy of the affidavit of trial counsel, H. Thomas Hirsch, filed in Pecos County on August 12, 2014. Please forward the supplement to the Court of Criminal Appeals in Austin and send a copy to me as well.

Thank you for your attention to this matter.

Sincerely,

/s/Richard E. Wetzel
Richard E. Wetzel
Attorney at Law

cc: Court of Criminal Appeals
Rod Ponton

EX PARTE      §
                       §     **CAUSE No. WR-81,346-01**

ERNEST VILLANUEVA      §

**IN THE 83ʳᵈ DISTRICT COURT
OF PECOS COUNTY, TEXAS**

EX PARTE      §
                       §     **CAUSE No. P-2664-83-CR**

ERNEST VILLANUEVA      §

**APPLICANT'S OBJECTIONS TO THE TRIAL COURT'S FINDINGS OF
FACT, CONCLUSIONS OF LAW, AND RECOMMENDATION**

TO THE HONORABLE JUDGES OF THE TEXAS COURT OF CRIMINAL
APPEALS:

Comes now Ernest Villanueva, applicant in the above cause and would

show this Honorable Court the following:

**Chronology of the Underlying Proceedings**

Villanueva was indicted in a twelve count indictment for two offenses of

aggravated sexual assault and ten offenses of indecency with a child by contact

- 1 -

(CR 2)[1]. Following a motion to severe, trial was had on count two alleging the offense of aggravated sexual assault (3 RR 8). A jury was selected and sworn (3 RR 185). Villanueva entered a plea of not guilty (4 RR 11). The jury found Villanueva guilty (4 RR 146). Rejecting his plea for community supervision, the same jury assessed punishment at 50 years (4 RR 192).

Notice of appeal was timely filed (CR 123). The conviction was affirmed on direct appeal by the Eighth Court of Appeals in an unpublished memorandum opinion. *Villanueva v. State*, 2008 WL 2545053 (Tex. App. – El Paso, 2008, pet. ref'd). Villanueva sought discretionary review from the Texas Court of Criminal Appeals. His petition for discretionary review was refused on November 26, 2008, in cause number PD-0976-08.

## Chronology of the Habeas Proceeding

On November 12, 2013, Villanueva filed an application for writ of habeas corpus in the convicting court pursuant to TEX. CRIM. PROC. CODE art. 1107 (WCR 148-159). The application sought relief on the basis Villanueva was denied the effective assistance of counsel due to 18 acts of deficient performance and

---

[1] "CR" refers to the clerk's record in the underlying record on appeal. "RR" refers to the reporter's record in the underlying record on appeal. "WCR" refers to the clerk's record in the instant habeas corpus action.

resulting cumulative prejudice. A memorandum of law in support of the application was filed (WCR 160-206). Exhibits were filed in support of the application (WCR 124-147). This is Villanueva's first post-conviction application for a writ of habeas corpus under TEX. CRIM. PROC. CODE art. 11.07.

No answer was filed or order entered by the convicting court. The application was received by this Court on May 8, 2014, and assigned cause number WR-81,346-01.

On June 25, 2014, the cause was remanded to the trial court for trial counsel to respond to the acts of deficient performance alleged in acts five through fourteen and sixteen through eighteen. The trial court was additionally ordered to enter findings and conclusions in relation to Villanueva's claim of ineffective assistance of counsel.

Trial counsel filed his affidavit in the convicting court on August 12, 2014 (2nd Supp. WCR 2-4). The trial court entered its order, findings, conclusions, and recommendation on January 8, 2015 (1st Supp. WCR 2-58).

On February 17, 2015, this Court granted Villanueva's motion to hold the application pending the filing of objections to the trial court's order, findings,

conclusions, and recommendation. The objections are due in the convicting court by April 6, 2015. They are timely filed by the instant pleading.

## Ground for Habeas Corpus Relief

**Villanueva was denied the effective assistance of counsel during trial as a result of counsel's multiple acts of deficient performance resulting in prejudice.**

## Remanded Acts of Deficient Performance[2]

Trial counsel H. Thomas Hirsch engaged in multiple acts of deficient performance including the following:

**5. Failing to voice a TEX. R. EVID. 403 objection to extraneous conduct involving complainant as contained within defendant's statement after the prosecutor pointed out that 403 was the only viable objection ( 3 RR 12, 3 RR 212).**

Before trial, counsel for Villanueva sought to prevent the State from mentioning any offense as set forth in his confession other than the aggravated sexual assault alleged in count two of the indictment (3 RR 8-9). The prosecutor responded that under TEX. CRIM. PROC. CODE art. 38.37, the other offenses were

---

[2] By this pleading, Villanueva will focus on the 13 acts of deficient performance remanded to the trial court by this Court's order of June 25, 2014. Villanueva continues to assert the other five grounds of deficient performance and relies on his original pleadings as filed in the convicting court and this Court.

admissible at trial (3 RR 9). The prosecutor reminded defense counsel that the only conceivable objection would be pursuant to TEX. R. EVID. 403 (3 RR 10). Inexplicably, counsel for Villanueva did not voice an objection under TEX. R. EVID. 403. The trial court overruled counsel's unspecified objection (3 RR 55). When the statement was admitted at trial, the trial court granted a running unspecified objection to incidents of abuse other than the single incident mentioned in the indictment (3 RR 212).

On direct appeal, Villanueva claimed the trial court abused its discretion by admitting the other incidents of abuse over a TEX. R. EVID. 403 objection. The Court of Appeals rejected the claim after noting trial counsel failed to preserve the matter at trial by voicing an objection under TEX. R. EVID. 403. *Villanueva*, 2008 WL 2545053, at *5.

Within his affidavit, trial counsel states he presented an oral motion in limine seeking to exclude the evidence (2nd Supp. WCR 2). Counsel fails to address the claim presented. He does not state the reasons he failed to voice a TEX. R. EVID. 403 objection to the evidence. He likewise fails to acknowledge the well-known rule that an adverse ruling on a motion in limine does not preserve error in the admission of evidence.

- 5 -

In this case, trial counsel for Villanueva made no effort to exclude the extraneous offenses as contained within the statement he provided to the authorities. Even though the prosecutor told him the only viable objection which could be voiced, counsel failed to urge it. Villanueva maintains counsel's performance with respect to seeking exclusion of the extraneous offenses mentioned within his statement was deficient.

The trial court concludes that even if counsel voiced a rule TEX. R. EVID. 403 objection, it would have been overruled and counsel cannot be ineffective for failing to voice an objection which would have been overruled (1st Supp. WCR 23). Villanueva asserts the conclusion is not supported by counsel's affidavit that he thought he preserved the matter by a motion in limine and the Court of Appeals determination nothing was preserved for review. Villanueva further maintains that had the matter been properly preserved at trial, the conviction would have been reversed on appeal for the 403 error in the admission of the evidence.

**6. Failing to recall the complainant once a police report showed the complainant did not tell a police officer of the bouncing incident when she talked to her the day before her forensic interview.**

J.G. was interviewed by Lisa Tarango of the Fort Stockton Police Department after J.G. made an outcry to her mother (4 RR 111). During that

interview, J.G. told the officer that Villanueva had penetrated her, but she said nothing of the alleged bouncing incident (4 RR 112). The following day, J.G. was taken to Harmony House and interviewed by Kennedy (4 RR 112). It was during the forensic interview with Kennedy that J.G. recounted the alleged bouncing incident (4 RR 112).

Counsel for Villanueva knew nothing of Tarango's investigation until trial (4 RR 106-109). Indeed, she was on the panel of prospective jurors and released only after the prosecutor told counsel that she had been involved in the investigation and probably should not serve on the jury (3 RR 16-18).

During counsel's original cross-examination of J.G., she mentioned she had provided a statement to Tarango (4 RR 104). Apparently forgetting that the prosecutor had told him that Tarango was involved in the investigation, counsel asked "And who is that?" (4 RR 104). Tarango's investigative notes were eventually secured and introduced for purposes of the record (4 RR 117, 5 RR DEX 1 and 2).

Villanueva now complains that counsel should have recalled J.G. for further cross-examination once her interview with Tarango was belatedly revealed at trial.

Her failure to tell Tarango in the first instance of the bouncing incident would have been powerful evidence on cross-examination.

Within his affidavit, trial counsel states there was no reason to recall J.G. for further cross-examination because the bouncing incident was not relevant to the allegation of sexual intercourse (2nd Supp. WCR 3). He notes Villanueva was charged with have unlawful intercourse with the child and the offense had nothing to do with bouncing (2nd Supp. WCR 3).

The record reflects otherwise. J.G. testified to an incident in which she got on top of Villanueva and bounced while his private was in her bunny (4 RR 91). No strategic or tactical reason can excuse counsel's failure to present the evidence at trial. Counsel's performance demonstrates a failure to investigate the case before trial and then use evidence he stumbled across. Deficient performance is shown.

The trial court concludes no deficient performance is shown because the child could not have been cross-examined about the bouncing incident to which she had not previously testified (1st Supp. WCR 24). Villanueva maintains the conclusion is not supported by the record. J.G. testified to an incident in which she got on top of Villanueva and bounced while his private was in her bunny (4 RR

91).  She had not told the initial investigation officer, Officer Tarango, of the incident and revealed it for the first time to the forensic examiner.  No explanation is offered for counsel's failure to challenge the consistency and detail of J.G.'s accusations against Villanueva.

**7.  Failing to request an election by the State in view of the multiple acts of assault recounted by complainant (4 RR 106).**

Here, the State introduced testimonial evidence of more than the one instance of sexual assault alleged in Villanueva's indictment.  J.G.'s testimony reflects incidents of sexual assault involving penile penetration from the age of five to the age of 12 while in her fifth grade of school (4 RR 93-95).  In spite of those multiple incidents as reflected by the trial evidence, counsel for Villanueva made no request for the State to elect a single incident upon which it was seeking a conviction.

Absent a request for an election, the prosecutor argued that Villanueva must have penetrated J.G.'s sexual organ with his penis during some point in their eight year relationship (4 RR 140-141).  The prosecutor reminded the jury the State was not bound by the dates in the indictment (4 RR 142).  Referring to Villanueva's statement that he got on top of J.G. with an erect penis five times, the prosecutor

asserted a guilty verdict was warranted if penetration occurred at any time (4 RR 142).

The record reflects that following a motion to sever, trial proceeded on count two of a twelve count indictment (3 RR 8). In view of the severance, counsel maintains there was no need to urge an election at trial for the multiple offenses shown while proving count two (2nd Supp. WCR 3). Trial counsel's affidavit reflects a fundamental misunderstanding of the law of election. Counsel fails to acknowledge the multiple instances of abuse proven during trial or explain his failure to seek an election on which of those instances the State would rely for a conviction. Villanueva maintains the failure to seek an election was an act of deficient performance.

Initially, the trial court concludes the prosecutor made an election at trial to proceed on the bouncing incident in seeking a conviction (1st Supp. WCR 25). Villanueva disputes that an election was made by the prosecutor at trial. The lack of an election is shown by the argument by the prosecutor reminding the jury the State was not bound by the dates in the indictment (4 RR 142); referring to Villanueva's statement that he got on top of J.G. with an erect penis five times; and

asserting a guilty verdict was warranted if penetration occurred at any time (4 RR 142).

In its conclusions, the trial court reframes the issue as one of jury charge error and determines the failure to show egregious harm is fatal to Villanueva's claim (1st Supp. WCR 26-31). Villanueva maintains the conclusion is misdirected. His claim is one of ineffective counsel who should have requested an election at trial. Egregious harm resulting from charge error is alien and irrelevant to a prejudice determination on a claim of ineffective assistance of counsel. It is improper to use counsel's own act of deficient performance to apply a more onerous and irrelevant standard of review, egregious harm, to a claim of ineffective assistance of counsel.

**8. Failing to object that the charge did not require a unanimous verdict on a particular incident (4 RR 120).**

The second count of the indictment alleges that between December 31, 1997, and June 1, 2003, Villanueva penetrated the sexual organ of J.G., a child younger than 14 years of age, with his sexual organ (CR 2). J.G. was born on December 31, 1991, and was 14 years of age at the time of trial (4 RR 90). She testified that Villanueva began to sexually abuse her when she was five years old (4 RR 93). He penetrated her sexual organ with his sexual organ until she turned 12 years of age

(4 RR 95). He stopped penetrating her with his penis when she began to menstruate in the fifth grade (4 RR 95). The court instructed the jury it was not bound by the date in the indictment (CR 96). Although instructing the jury that its verdict must be unanimous, the charge did not instruct the jury it was required to unanimously agree on a particular incident before returning a verdict of guilty (CR 99).

Trial counsel's affidavit does not address this act of deficient performance (2nd Supp. WCR 2-4).

Villanueva asserts non-unanimity may occur when the State charges one offense and presents evidence that the defendant committed the charged offense on multiple but separate occasions. Such was the case here. Each of the multiple incidents individually establishes a different offense or unit of prosecution. The judge's charge, to ensure unanimity, should have instructed the jury that its verdict must be unanimous as to a single offense or unit of prosecution among those presented.

Counsel failed to voice an objection to the charge on the basis it allowed a non-unanimous verdict. That failure was an act of deficient performance.

The trial court concludes only one act of sexual assault was presented to the jury and the absence of a unanimity instruction did not result in egregious harm (1st Supp. WCR 33). Villanueva asserts the conclusion is erroneous in view J.G.'s testimony that Villanueva began to sexually abuse her when she was five years old (4 RR 93). He penetrated her sexual organ with his sexual organ until she turned 12 years of age (4 RR 95). The record shows multiple acts of assault and no effort by counsel assure the jury was charged it must unanimously agree on a particular act. Moreover, egregious harm resulting from charge error is alien and irrelevant to a prejudice determination on a claim of ineffective assistance of counsel.

**9. Failing to object that the guilt innocence charge contained no instructions on extraneous offenses (4 RR 120).**

The trial court's charge to the jury contained no instructions on extraneous offenses (CR 95). Counsel for Villanueva neither requested such charge nor objected to the absence of such charge.

Trial counsel states he did not request a charge on extraneous offense due to the complainant's testimony and Villanueva's statement (2nd Supp. WCR 3).

Villanueva maintains trial counsel's assertion is nonsensical. The law is well settled that a defendant is entitled to an instruction that limits the jury's

- 13 -

consideration of an extraneous offense or prior bad act to the purpose or purposes, for which it is being offered, both when the evidence is first offered, and in the court's charge to the jury.

Villanueva concedes that without a TEX. R. EVID. 403 objection in this case, the extraneous offenses were admissible to show state of mind of Villanueva and J.G. as well as their previous and subsequent relationship. See TEX. CRIM. PROC. CODE art. 38.37. However, the extraneous offenses of indecency and sexual assault were not so limited in the charge actually given to the jury.

Due to counsel's ineptness, the jury was free to consider the extraneous offenses for any purpose including character conformity. Moreover, had counsel sought an election, the extraneous offenses could have been designated extraneous and their admission limited accordingly within the court's charge. Counsel's failure to request this critical instruction could not have been the product of a reasonable trial strategy and thus, was objectively deficient.

Without addressing the act of deficient performance, the trial court concludes the charge should have included instructions on extraneous offenses admitted at the guilt or innocence stage of trial (1st Supp. WCR 34). However, it further concludes Villanueva did not suffer egregious harm from the error in the

charge (1st Supp. WCR 39-40). Villanueva maintains the conclusion is misdirected. His claim is one of ineffective counsel who should have prevented charge error at trial. Egregious harm resulting from charge error is alien and irrelevant to a prejudice determination on a claim of ineffective assistance of counsel. It is improper to use counsel's own act of deficient performance to apply a more onerous and irrelevant standard of review to a claim of ineffective assistance of counsel.

**10. Failing to request a charge on the lesser offense of indecency by contact as supported by Villanueva's statement (4 RR 120).**

Counsel at trial voiced no objection to the guilt or innocence charge to the jury (4 RR 120). In argument, he urged the jury to believe everything in the confession which merely showed commission of the offense of indecency with a child (4 RR 132). Counsel claimed Villanueva would have pleaded guilty to indecency with a child if that was the offense with which he was charged (4 RR 135). Inexplicably, counsel made no effort to include the lesser offense of indecency with a child in the court's charge.

Trial counsel states he did not request a charge on the lesser included offense of indecency with a child by conduct because it is not a lesser included offense of aggravated sexual assault of child (2nd Supp. WCR 3).

Counsel is mistaken. *See Evans v. State*, 299 S.W.3d 138, 143 (Tex. Crim. App. 2009) (finding indecency with a child is a lesser included offense of aggravated sexual assault).

No strategic reason could justify counsel's failure to request a charge on the lesser offense. Counsel's failure to request a lesser-included offense instruction fell below an objective standard of reasonableness and constituted an act of deficient performance.

At the outset, the trial court concludes the evidence at trial was sufficient to support Villanueva's conviction for aggravated sexual assault (1st Supp. WCR 41). It therefore reasons the result of the proceeding would not have been different even if counsel had requested a charge on the lesser offense of indecency by contact (1st Supp. WCR 41). Villanueva disagrees with the court's conclusion. He does not have a burden to show the result would have been different, only the reasonable possibility of a different result. Moreover, sufficiency of the evidence on the greater charge has no impact on counsel's failure to request a charge on a lesser offense supported by the evidence. The failure to request the charge denied the jury the opportunity to consider and convict of the lesser offense which should have been requested.

- 16 -

The trial court further concludes no lesser charge was warranted because no evidence was presented at trial showing Villanueva merely contacted J.G.'s sexual organ with his penis without penetration (1st Supp. WCR 44). The conclusion is not supported by the record. Villanueva's statement to law enforcement was admitted at trial (4 RR 19, 5 RR SX 1). Within that statement, he claimed he got on top of J.G. on multiple occasions, his penis was hard, she was naked, he was naked, and he never put his penis in her sexual organ. Villanueva maintains his statement supported the lesser charge of indecency by contact which should have been requested by trial counsel.

**11. Admitting guilt in jury argument for no strategic reason when he asserted Villanueva would have pleaded guilty to indecency by contact (4 RR 135).**

**12. Admitting guilt in argument for no strategic reason when he asserted that based on Villanueva's statement, he would have pleaded guilty to penetration of J.G.'s sexual organ with his finger (4 RR 135 -136).**

On two occasions during jury argument at the guilt or innocence phase of trial, Hirsch admitted Villanueva's guilt for no strategic reason. First, he urged the jury to believe Villanueva's confession which merely showed the offense of indecency by contact (4 RR 132). As asserted above, counsel made no effort to ensure the jury was charged on the lesser offense of indecency by contact. Absent

- 17 -

inclusion of that lesser offense, a concession of guilt could serve no legitimate benefit to Villanueva.

Secondly, counsel asserted that based on his confession, Villanueva would have pleaded guilty to aggravated sexual assault by penetrating the complainant's sexual organ with his finger (4 RR 136). The argument was misdirected and unsupported by the confession because Villanueva was adamant in his confession that he never penetrated J.G.'s sexual organ by any means (4 RR 27-30, 5 RR SX 1).

Trial counsel states he made the argument based on Villanueva's statement which had been admitted into evidence (2nd Supp. WCR 3).

The offered justification is not supported by the record. Counsel made no effort to have the jury instructed on the lesser offense of indecency with a child by contact. Moreover, Villanueva was adamant in his statement that he had never penetrated the complainant.

Admitting guilt in the presence of the jury serves no strategic or tactical purpose and is an act of deficient performance. Likewise, misstating the facts and arguing defensive theories not supported by the evidence is deficient performance.

Counsel engaged in two acts of deficient performance during jury argument at the guilt or innocence phase of trial by admitting guilt.

The trial court concludes Villanueva was not harmed by counsel's conduct because he was not on trial for the offenses for which counsel said Villanueva was guilty and the conduct was not outrageous (1st Supp. WCR 45). Villanueva disagrees. In a case alleging sexual abuse of a child, it is objectively unreasonable for counsel to argue the defendant did in fact sexually abuse the child in two different ways, just not in the manner claimed by the State.

**13. Failing to object to State's argument urging a non-unanimous verdict if Villanueva penetrated J.G. anytime in an eight year period (4 RR 142).**

As explained above, counsel deficiently failed to request an election by the State and then failed to object to the court's charge which did not require a unanimous jury verdict for a particular incident.

Those errors of performance were exacerbated when counsel for Villanueva failed to object to the State's invitation for the jury to return a non-unanimous verdict of guilty on some incident occurring during the course of an eight year period. The prosecutor argued that Villanueva must have penetrated J.G.'s sexual organ with his penis during some point in their eight year relationship (4 RR 140-

141).  The prosecutor reminded the jury the State was not bound by the dates in the indictment (4 RR 142).  Referring to Villanueva's statement that he got on top of J.G. with an erect penis five times, the prosecutor asserted a guilty verdict was warranted if penetration occurred at any time (4 RR 142).

Trial counsel offers no explanation of this act of deficient performance (2nd Supp. WCR 2-4).

Seizing on the lack of an election and charge which did not require a unanimous verdict, the State specifically invited the jury to return a non-unanimous verdict as to a single offense of penetration.  That argument was contrary to the law and should have been the subject of an objection by counsel for Villanueva.  His failure to object was an act of deficient performance.

In its conclusions, the trial court reframes the issue as one of jury charge error and determines the failure to show egregious harm is fatal to Villanueva's claim (1st Supp. WCR 26-31).  Villanueva maintains the conclusion is misdirected. His claim is one of ineffective counsel who should have objected when the prosecutor urged and invited the jury to return a non-unanimous verdict. Egregious harm resulting from charge error is alien and irrelevant to a prejudice determination on a claim of ineffective assistance of counsel.  It is improper to use

counsel's own act of deficient performance to apply a more onerous and irrelevant standard of review, egregious harm, to his claim of ineffective assistance of counsel.

**14. Failing to object to the punishment charge which contained no charge on extraneous offenses (4 RR 166).**

Extraneous offenses were admitted at the punishment phase from both Ramirez and J.G. (4 RR 149, 4 RR 155). Despite the admission of such evidence, the trial court did not instruct the jury that it could not consider extraneous offenses unless they were proved beyond a reasonable doubt (CR 102). Counsel for Villanueva neither requested the instruction nor objected to its omission (4 RR 166). Indeed, the record reflects counsel was not familiar with the State's 404(b) notice at trial (4 RR 151).

Trial counsel fails to respond to this act of deficient performance in his affidavit (2nd Supp. WCR 2-4).

Villanueva was entitled to the instruction even without a request. Rather than bring the error to the court's attention, counsel inexplicably stood mute and allowed the trial court to erroneously fail to charge the jury on consideration of extraneous offenses. Counsel's failure to request this critical instruction could not

have been the product of a reasonable trial strategy and thus, was objectively deficient.

Without addressing the act of deficient performance, the trial court concludes the charge should have included instructions on extraneous offenses at the punishment phase (1st Supp. WCR 36). However, it further concludes Villanueva did not suffer egregious harm from the error in the charge (1st Supp. WCR 39-40). Villanueva maintains the conclusion is misdirected. His claim is one of ineffective counsel who should have prevented charge error at trial. Egregious harm resulting from charge error is alien and irrelevant to a prejudice determination on a claim of ineffective assistance of counsel. It is improper to use counsel's own act of deficient performance to apply a more onerous and irrelevant standard of review to a claim of ineffective assistance of counsel.

**16. Failing to present an expert witness during the punishment phase of trial who would have shown Villanueva was unlikely to reoffend (4 RR).**

Before trial, counsel for Villanueva sought the appointment of an expert to determine the existence of factual matters which could be used in mitigation of punishment (CR 39). The request was granted by the trial court (CR 41). On May 5, 2006, Dr. Daneen A. Milam examined Villanueva. Her report was provided to counsel for Villanueva. Exhibit A. (WCR 126-127). Testing on the Minnesota

Sex Offender Tool Revised revealed that Villanueva's future risk levels were quite low with a low probability of future offending. Exhibit A. Counsel had no interest in her test results which did not reveal evidence of brain damage or mental retardation. Exhibit B. (WCR 128).

Milam did not testify at the punishment phase of trial. Indeed, counsel presented no evidence at the punishment phase including proving Villanueva's eligibility or suitability for community supervision.

Trial counsel does not respond to this alleged act of deficient performance in the affidavit filed in the convicting court (2nd Supp. WCR 2-4).

The record shows that defense counsel not only failed to call witnesses at the punishment phase, but also did not investigate punishment witnesses to determine whether they could provide meaningful testimony. Testimony and test results from Dr. Milam that Villanueva was unlikely to reoffend would have supported his request for community supervision and undercut the State's primary argument that a long sentence was required to protect the children of Pecos County from Villanueva. Under *Wiggin* defense counsel's failure to investigate and call any punishment witnesses amounts to deficient performance.

The trial court concludes counsel may have had a strategic reason for not presenting testimony showing he was not likely to reoffend (1st Supp. WCR 48). Villanueva maintains that if counsel had a reasoned basis for not presenting the evidence, he would have articulated it in his affidavit. As noted above, counsel did not respond to this act of deficient performance. The trial court is simply making up a strategy for counsel when none otherwise exist. It is inappropriate for a reviewing court to fabricate tactical decisions on behalf of counsel when it appears on the face of the record that counsel made no strategic decision at all.

**17. Failing to investigate and call character witnesses available for Villanueva during the punishment phase of trial (4 RR).**

Counsel for Villanueva called no character witnesses during the punishment phase of trial (4 RR 163). Four affidavits are attached from Villanueva's family members. Exhibits C-F. (WCR 129-132). Three sisters and Villanueva's mother would have testified on behalf of Villanueva at the punishment phase of trial. Counsel for Villanueva never contacted them or sought to determine whether they could provide helpful testimony during the punishment proceeding. The affidavits contain the powerful character evidence the witnesses would have provided had they been called to testify by counsel for Villanueva. Their testimony would have strongly supported Villanueva's effort to secure community supervision from the

- 24 -

jury. Due to counsel's deficient conduct, the only information the jury had concerning Villanueva was his confession to the authorities.

Trial counsel states he did not call character witnesses at trial because no one told him of their availability and what their testimony would have been (2nd Supp. WCR 3-4). Counsel makes no explanation of his failure to conduct an investigation into potential character evidence which could have been offered by the defense at trial.

Villanueva submits counsel engaged in deficient performance by failing to call any punishment witnesses. He did not investigate punishment witnesses to determine whether they could provide meaningful testimony. Under controlling case law, defense counsel's failure to investigate and call any punishment witnesses amounts to deficient performance.

The trial court concludes counsel's deficient performance should be excused because he was unaware of the character witnesses who could have been called on Villanueva's behalf at punishment (1st Supp. WCR 49). Villanueva agrees counsel was unaware of the witnesses. The reason he was unaware of the witnesses was because he conducted no investigation of possible punishment evidence which could have mitigated the sentence imposed by the jury. Failing to uncover and

present mitigating evidence cannot be justified as a tactical decision when defense counsel has not conducted a thorough investigation of the defendant's background.

**18. Failing to consult with or call a medical expert or to review or challenge the medical evidence of penetration.**

Here, defense counsel failed to call as a witness, or even to consult in preparation for trial and cross-examination of the State's SANE nurse Abbott any medical expert on child sexual abuse. Counsel essentially conceded that the physical evidence was indicative of sexual penetration without conducting any investigation to determine whether this was the case. Had counsel conducted such an investigation, counsel would likely have discovered that exceptionally qualified medical experts could be found who would testify that the prosecution's physical evidence was not indicative of penile sexual penetration and provided no corroboration whatsoever of the alleged victim's story.

Counsel could have presented a strong affirmative case that the charged crime did not occur and the alleged victim's story was incredible in its entirety. It is commonly understood among experts that a tear to the hymen in the 9:00 to 3:00 positions is indicative of digital penetration while a tear in the 3:00 to 9:00 position is indicative of penile penetration. Abbott testified that she observed a single well healed tear at the 11:00 position. Notably, J.G.'s claim of years of penetrating

- 26 -

abuse is undermined by a single tear. Finally, studies available at the time of trial undermined Abbott's assertion that penetrating trauma to the hymen leaves evidence of scarring or the size of tear she allegedly observed. Exhibit G. (WCR 133-147).

Such a lack of physical evidence of penile penetration would cast serious doubt on the alleged victim's story of forcible penetration over a period of years. Were the trier of fact to credit expert testimony of the type counsel should have offered at trial, the prosecution's case would arguably amount to the uncorroborated and demonstrably incredible testimony of the alleged victim.

The prosecution's case rested centrally on the alleged victim's testimony and its corroboration by the indirect physical evidence as interpreted by Abbott. The medical expert testimony was central not only because it constituted the most extensive corroboration that any crime occurred, but because to undermine it would undermine the alleged victim's credibility and thus the entire prosecution case as to all charges. If a medical examination of the alleged victim failed to reveal any evidence clinically indicative of sexual penetration, that failure would constitute strong affirmative evidence that forced sexual penetration did not occur-particularly forced sexual penetration of the frequency alleged by J.G.

Trial counsel does not respond to this claim of deficient performance in his affidavit (2nd Supp. WCR 2-4).

The situation may be different in a case where objective evidence exists implicating a defendant in a crime, such as bodily fluids identified as the defendant's, or where the prosecution offered third party eyewitness testimony. But in a case where the only direct evidence that any crime occurred or that, if it did, the defendant committed it, was the testimony of the alleged victim, for defense counsel to simply concede the medical evidence without any investigation into whether it could be challenged is performance objectively unreasonable.

Counsel did not have access to Abbott's notes until trial (4 RR 79). Counsel's failure even to request to examine them before trial was a serious dereliction of his duty to investigate the facts and circumstances of Villanueva's case.

Here, counsel for Villanueva decided not challenge the medical evidence without having reasonably investigated whether facts of the case, and lacked sufficient information reasonably to determine that such an investigation was unnecessary. Thus, this is not a case where counsel made a reasonable decision to cease further investigation as a result of having discovered evidence to suggest that

challenging the prosecution's medical evidence would have been counterproductive, or that further investigation would have been fruitless.

Counsel never discovered any evidence to suggest one way or another whether such a challenge would be counterproductive or such investigation fruitless, nor did counsel have any reasonable basis to conclude that such investigation would be wasteful. Because counsel never investigated that alternative approach at all, counsel did not have any reasoned basis to conclude that such an approach would be fruitless-and, in fact, subsequent counsel have found it quite fruitful.

Defense counsel may not fail to conduct an investigation and then rely on the resulting ignorance to excuse his failure to explore a strategy that would likely have yielded exculpatory evidence. For counsel to forego even an investigation of the possibility of challenging the physical evidence was not objectively reasonable performance. There was nothing strategic about a decision to concede the physical evidence, with no educated basis for doing. Deficient performance is shown.

The trial court concludes no deficient performance is shown because no medical evidence was necessary to prove penetration (1st Supp. WCR 52). This conclusion begs the question presented. The State presented medical evidence in

support of its claim penetration took place. The SANE nurse testified she observed a single well healed tear of J.G.'s hymen at the 11:00 position. If counsel had conducted an appropriate and thorough investigation, he would have found medical evidence which would have undermined the SANE nurse's testimony.

## Prejudice

In a conclusory manner, the trial court simply concludes Villanueva has not demonstrated prejudice as a result of counsel's deficient conduct (1st Supp. WCR 57). Villanueva maintains the conclusion is not supported by the above described acts of deficient performance. Collectively, those acts resulted in a reasonable probability that, but for this objectively deficient conduct, the result of the proceedings would have been different.

Villanueva maintains he suffered prejudice as a result of counsel's multiple acts of deficient performance. Simply put, the cumulative effect of counsel's errors caused a breakdown in the adversarial process that our system counts on to produce just results sufficient to undermine this Court's confidence in the outcome of Villanueva's trial. These events coming together in the same proceeding should be sufficient to cause the court grave concern as to the fairness of the underlying

proceeding. Villanueva submits that had counsel discharged his duty, there is a reasonable probability the result of the proceeding would have been different.

**Prayer**

Villanueva requests that this court grant habeas corpus relief in the form of a new trial, new punishment proceeding, or any other relief he is entitled to under the law and the facts.

Respectfully submitted,

/s/ Richard E. Wetzel
Richard E. Wetzel
State Bar No. 21236300

1411 West Avenue
Suite 100
Austin, TX 78701

(512) 469-7943
(512) 474-5594 – facsimile
Wetzel_law@1411west.com

Attorney for Applicant
Ernest Villanueva

**Certificate of Compliance**

This pleading complies with TEX. R. APP. P. 9.4. According to the word count function of the computer program used to prepare the document, the pleading contains 6,172 words excluding the items not to be included within the word count limit.

/s/ Richard E. Wetzel
Richard E. Wetzel
State Bar No. 21236300

**Certificate of Service**

A true and correct copy of this pleading was mailed to counsel for the State, Rod Ponton, Criminal District Attorney, 400 S. Nelson St., Fort Stockton, TX, 79735, on this the 25th day of March, 2015.

/s/ Richard E. Wetzel
Richard E. Wetzel
State Bar No. 21236300