

# IN THE
# TENTH COURT OF APPEALS

---

### Nos. 10-19-00021-CR &
### 10-21-00030-CR

**PAUL DAVID DOUGHTERY,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

---

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2017-1407-C2

---

## MEMORANDUM OPINION

---

In Trial Court Case Number 2017-1407-C2, appellant, Paul David Doughtery, was convicted of one count of aggravated assault (Count 1) and one count of assault family violence with a prior conviction (Count 2). The jury assessed punishment at eighteen years' confinement and a $5,000 fine for Count 1 and ten years' confinement and a $5,000 fine for Count 2. The sentences were ordered to run concurrently. Two judgments were signed, one for each count.

## I.    APPELLATE CAUSE NUMBER 10-21-XXXXX-CR

Appellant has filed one notice of appeal challenging his convictions in Trial Court Case Number 2017-1407-C2.  The appeal therefore bears one cause number—appellate cause number 10-19-00021-CR.

Appellant's court-appointed appellate counsel filed a brief challenging only the judgment and sentence for Count 2.  Because appellant's brief did not challenge his conviction in Count 1, this Court issued an order requiring counsel to allege error as to Count 1 or to file an *Anders*-type motion to withdraw and supporting brief, as well as a motion to sever.  In response, appellant has filed a motion to sever his appeal in Count 1 from his appeal in Count 2 and a motion to dismiss his appeal as to Count 1.  Pursuant to appellant's request, we sever appellant's appeal in Count 1 from his appeal in Count 2.  *See* TEX. R. APP. P. 43.6.  The Clerk shall docket appellant's appeal in Count 1 as 10-21-00030-CR, styled *Doughtery v. State*.

With respect to appellant's motion to dismiss filed in appellate cause number 10-21-00030-CR, we note that the motion to dismiss was signed by both appellant and his counsel and indicates an intent to dismiss this appeal.  *See* TEX. R. APP. P. 42.2(a).  We grant appellant's motion.  Appellant's appeal in 10-21-00030-CR is dismissed.  *See id.*

## II.    APPELLATE CAUSE NUMBER 10-19-00021-CR

In one issue in appellate cause number 10-19-00021-CR, appellant argues that his conviction in Count 2 for assault family violence with a prior conviction violates the

Double Jeopardy Clauses of the United States Constitution and the Texas Constitution. We affirm.

## A.      Background

As mentioned earlier, appellant was charged with one count of aggravated assault (Count 1) and one count of assault family violence with a prior conviction (Count 2). Specifically, the indictment alleged the following with respect to Count 1:

> **PAUL DAVID DOUGHTERY** . . . on or about the 2nd day of May, 2017 . . . did then and there intentionally knowingly, and recklessly cause bodily injury to **[K.K.]** . . . by punching her and/or hitting her with a hard object and/or slamming her head into the ground and/or hitting her with the hard plastic part of a tent, and the Defendant did then and there use or exhibit a deadly weapon, to wit:  hard plastic part of a tent and/or an unknown object and/or his hands and/or the ground, during the commission of the assault.

(Emphasis in original).  Regarding Count 2, the indictment alleged:

> **PAUL DAVID DOUGHTERY** . . . on or about the 2nd day of May, 2017, did then and there intentionally, knowingly, and recklessly cause bodily injury to **[K.K.]**, a member of the Defendant's household or a person with whom the Defendant has had a dating relationship, as described by Section 71.005 or 71.0021(b) of the Texas Family Code, by punching her and/or hitting her with a hard object and/or slamming her head into the ground, and before the commission of the charged offense, the Defendant had previously been convicted of an offense under Chapter 22 of the Texas Penal Code, against a member of the Defendant's family or a member of the Defendant's household or a person with whom the Defendant has or has had a dating relationship, as described by Section 71.003 or 71.005 or 71.0021(b) of the Texas Family Code, to wit:  on the 2nd day of December 2016, in the 54th District Court of McLennan County, Texas, in Cause Number 2016-334-C2.

(Emphasis in original).

At trial, the evidence showed that appellant and the complainant, K.K., were in an on-again, off-again relationship and lived together in a tent under the North 19th Street bridge at the time of the offense. On the night in question, an argument and multiple "incidents" ensued after appellant accused K.K. of calling someone to pick her up from the bridge residence. The events of that evening were hotly contested at trial with K.K. and appellant accusing each other of assault.

However, appellant testified that there were "two different incidents" that evening—"the time that she got knocked out and the time that she got cut on her face." Appellant testified that one incident was funny while the other was not. He further noted that the entire altercation lasted at least thirty minutes, and he tried to distinguish the two incidents by noting that the first incident resulted in K.K. being unintentionally injured by her own actions and that the second incident was an accident.

**B.      Discussion**

"The Double Jeopardy Clause of the Fifth Amendment . . . protects an accused against . . . multiple punishments for the same offense." *Evans v. State*, 299 S.W.3d 138, 140-41 (Tex. Crim. App. 2009). A double-jeopardy claim must generally be raised in the trial court to preserve error for appellate review. *Gonzalez v. State*, 8 S.W.3d 640, 643-46 (Tex. Crim. App. 2000); *Rangel v. State*, 179 S.W.3d 64, 70 (Tex. App.—San Antonio 2005, pet. ref'd). However, a double-jeopardy claim may be raised for the first time on appeal when (1) the undisputed facts show the double-jeopardy claim violation is clearly

apparent from the face of the record, and (2) enforcement of the usual rules of procedural default serves no legitimate State purpose.  *See Gonzalez*, 8 S.W.3d at 643; *see also Rangel*, 179 S.W.3d at 70.

> "[W]hen separate theories for an offense are issued to the jury disjunctively, a double jeopardy violation is not clearly apparent on the face of the record if one of the theories charged would not constitute a double jeopardy violation and there is sufficient evidence to support that valid theory.  The fact that the jury's verdict *could* have relied on a theory that would violate the Double Jeopardy Clause, is not sufficient to show a constitutional violation "clearly apparent on the face of the record."

*Langs v. State*, 183 S.W.3d 680, 687 (Tex. Crim. App. 2006) (citing *Gonzalez*, 8 S.W.3d at 641-43) (emphasis in original).

"When separate and distinct offenses occur in the same transaction, the protection against double jeopardy does not apply."  *Urtado v. State*, 333 S.W.3d 418, 424 (Tex. App.—Austin 2011, pet. ref'd) (citing *Spradling v. State*, 773 S.W.2d 553, 556 (Tex. Crim. App. 1989)).  "Thus, if two different attacks occur, even if close in time, a defendant may be charged with two separate assaults."  *Id.* (citing *Teeter v. State*, No. PD-1169-09, 2010 Tex. Crim. App. LEXIS 1206, at *24 (Tex. Crim. App. Sept. 22, 2010) (holding that a double-jeopardy violation occurred where charges of assault by threat and attempted capital murder were both based on a single act of pointing a gun at the victim); *Sanchez v. State*, 269 S.W.3d 169, 171 (Tex. App.—Amarillo 2008, pet. ref'd) (holding that no double-jeopardy violation occurred where the defendant was charged with both assault by

causing bodily injury and assault by threat against the same victim because, "[t]hough rather close in time, the latter arose after a break from the former.")).

Appellant concedes that he did not object in the trial court on double-jeopardy grounds. Further, based on the fact that appellant testified that there were two separate and distinct "incidents" during the transaction, we cannot say that the Double Jeopardy Clause applies. *See Spradling*, 773 S.W.2d at 556; *Urtado*, 333 S.W.3d at 424; *Sanchez*, 269 S.W.3d at 171. Therefore, we also cannot say that appellant's double-jeopardy claim is apparent from the face of the record; and as such, appellant has not properly preserved his double-jeopardy claim.[1] *See Spradling*, 773 S.W.2d at 556; *Urtado*, 333 S.W.3d at 424; *Sanchez*, 269 S.W.3d at 171. We overrule appellant's sole issue in appellate cause number 10-19-00021-CR.

---

[1] In addition, a review of the record reflects that there is legally-sufficient evidence supporting the jury's finding of guilt in Count 1 on a different theory than Count 2 because each count alleged different theories of assault, and because there was testimony as to multiple assaults causing those injuries. This further supports our conclusion that a double-jeopardy violation is not apparent from the face of the record. *See Langs v. State*, 183 S.W.3d 680, 687 (Tex. Crim. App. 2006); *see also Gonzalez*, 8 S.W.3d 640, 641-43 (Tex. Crim. App. 2000).

Furthermore, appellant does not address the second prong of the *Gonzalez* analysis—that the usual rules of procedural default do not serve a legitimate State purpose. *See Gonzalez*, 8 S.W.3d at 643; *see also Rangel v. State*, 179 S.W.3d 64, 70 (Tex. App.—San Antonio 2005, pet. ref'd).

### III.     CONCLUSION

Based on the foregoing, we dismiss appellant's appeal in appellate cause number

10-21-00030-CR, and we affirm the trial court's judgment in appellate cause number 10-

19-00021-CR.


                                        JOHN E. NEILL
                                        Justice

Before Chief Justice Gray,
        Justice Neill,
        and Senior Justice Scoggins[2]
Appeal severed and dismissed and appeal affirmed
Opinion delivered and filed February 24, 2021
Do not publish
[CR25]



---

[2] The Honorable Al Scoggins, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.