

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00256-CR

KENNETH SHED, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. DC-2023-CR-1018, Honorable Douglas H. Freitag, Presiding

September 24, 2025

MEMORANDUM OPINION

Before PARKER, and DOSS, and YARBROUGH, JJ.

Appellant, Kenneth Shed, appeals from three convictions for aggravated sexual assault of a child, for which he received three concurrent life sentences.[1] By a single issue, Appellant argues the trial court committed reversible error by refusing to give a lesser-included offense instruction on the three counts for aggravated sexual assault of a child. We affirm.

---

[1] *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iii), (iv). Appellant was convicted on seven total sexual offenses against a child, all of which resulted in a life sentence. Appellant does not appeal the remaining convictions or sentences.

**Background**

A grand jury indicted Appellant on three counts of aggravated sexual assault of a child younger than fourteen years old. Two counts alleged that Appellant knowingly caused the anus of the child to contact his sexual organ, and one count alleged he knowingly caused the child's sexual organ to contact his sexual organ. The case proceeded to a jury trial.

During the charge conference, Appellant requested a lesser-included instruction of indecency with a child by contact for each of the aggravated sexual assault counts. Appellant argued that multiple witnesses had described the complainant child as developmentally delayed, and that the child had referred to vaginal sex as oral sex during a forensic interview, suggesting she could not consistently differentiate between "concepts of inside and outside." Appellant also pointed to his statements to a Child Protective Services worker, Darnisha Jones, who testified that Appellant denied being sexually active because he is too old and cannot maintain an erection. Additionally, Appellant cited his age, height, and weight, along with testimony that he had not engaged in intercourse with the child's mother for at least forty-seven days prior to their breakup. The trial court denied Appellant's request for the lesser-included offense instruction.

**Analysis**

The trial court's denial for a lesser-included offense instruction is reviewed for abused discretion. *Chavez v. State*, 666 S.W.3d 772, 776 (Tex. Crim. App. 2023). Depending on the specific details of the alleged crime, indecency with a child can be a

lesser-included offense of aggravated sexual assault of a child. *See, e.g.*, *Evans v. State*, 299 S.W.3d 138, 143 (Tex. Crim. App. 2009).

Determining whether Appellant was entitled to a lesser-included offense instruction in this case follows a two-step process: first we determine whether the offense requested is a lesser-included offense of the charged offense, and second, we determine whether there is evidence from which a rational juror could find the defendant guilty *of only the lesser offense*. *Green v. State*, 713 S.W.3d 865, 875 (Tex. Crim. App. 2025).[2]

In this case, Appellant's argument runs afoul of the second element of the test. Appellant was charged with aggravated sexual assault by causing his sexual organ to *contact* the complainant's sexual organ and anus. If the alleged contact is proven true, the allegations would support aggravated sexual assault without regard to whether the contact involved penetration. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iii), (iv).

By comparison, the offense of indecency with a child can involve sexual contact, defined as touching the child's genitals or touching the child's body with the defendant's genitals, with intent to arouse sexual desire. *See Id.* § 21.11(c). Therefore, both offenses can be satisfied by the same conduct in some instances. Genital-to-genital or genital-to-anus contact could, for example, satisfy both the charged aggravated sexual assault and the offense of indecency. *Id.*

However, this similarity of proof does not entitle Appellant to a lesser-included offense instruction. As the Court of Criminal Appeals explained in *Green*, evidence

---

[2] The threshold for evidence is a mere scintilla, but it must relate directly to the lesser offense and present the lesser offense as a reasonable alternative to the greater charge. *Chavez*, 666 S.W.3d at 777 (internal citations omitted). Evidence suggesting the Appellant committed no offense at all does not give rise to a lesser-included offense instruction. *Id.*

must exist permitting a juror to rationally find Appellant is guilty of *only* the indecency claim. 713 S.W.3d at 875. Appellant was required to point to evidence that he committed only touching that would satisfy indecency *but not* aggravated sexual assault. *See Green*, 713 S.W.3d at 875–76 ("An affirmative answer to the guilty-only question requires evidence excluding guilt of the greater offense and demonstrating that the defendant is guilty exclusively of the lesser. The evidence must negate an element of the greater offense." (internal citations omitted)).

None of the evidence meets this standard. Appellant's cited evidence of a lack of sexual interest and inability to maintain an erection do not present a lesser offense scenario. Sexual desire and physical arousal are not elements of aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iii), (iv)*; Jimenez v. State*, 419 S.W.3d 706, 714 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd). These statements constitute an effort to deny committing an offense, but they do not entitle Appellant to a lesser-included instruction. *See Aguilar v. State*, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985).

Evidence about the child's developmental delay or confusion likewise fails to present a meaningful distinction. Although the child apparently confused oral and vaginal sex during an interview, such evidence is not relevant for obtaining a lesser included offense instruction because the offense was satisfied with evidence of contact, not penetration. TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iii). Appellant's argument about differentiating "inside" versus "outside" therefore fails to advance his position.

Finally, any evidence about Appellant's forty-seven-day period without sexual intercourse with the child's *mother* fails to negate any element of aggravated sexual assault of a child offense or suggest that indecency with the child occurred instead.

Because there is no evidence that Appellant committed only the offense of indecency with a child by contact, we hold the trial court did not err by denying Appellant's request for a lesser-included offense. Appellant's sole issue is overruled.

**Conclusion**

We affirm the trial court's judgment.

Lawrence M. Doss
Justice

Do not publish.