

# NUMBER 13-17-00567-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**FREDYS OLIFIER RIOS-BARAHONA,**                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                    **Appellee.**

### On appeal from the 207th District Court
### of Comal County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Perkes**
**Memorandum Opinion by Justice Hinojosa**

Appellant Fredys Olifer Rios-Barahona appeals his convictions, following a jury trial, for aggravated sexual assault of a child, a first-degree felony, and indecency with a child by contact, a second-degree felony.   *See* TEX. PENAL CODE ANN. §§ 21.11, 22.021. The trial court assessed punishment of concurrent seven-year prison sentences.   In four related issues, appellant complains that the jury charge improperly permitted the jury to

convict appellant for acts committed as a juvenile. On that basis, appellant argues that: (1) his conviction is not supported by legally sufficient evidence; (2) he suffered egregious harm from an erroneous jury charge; (3) his trial counsel was ineffective; and (4) the trial court erred in denying his motion for new trial. In his fifth issue, for which the State concedes error, appellant argues that (5) his double jeopardy rights were violated because both convictions arose from a single incident. We affirm in part and reverse and render in part.

## I. BACKGROUND[1]

A grand jury returned an indictment charging appellant with committing aggravated sexual assault and indecency with a child on or about February 14, 2014, when appellant was seventeen years old. With respect to the aggravated sexual assault charge, the indictment alleged that appellant caused the penetration of the female sexual organ of J.L.,[2] a child younger than fourteen years of age, with his finger or fingers. The indictment further alleged, under the indecency with a child count, that appellant engaged in sexual contact with J.L. by committing said acts and that he did so with the intent to arouse or gratify his sexual desire.

J.L. testified concerning an event occurring on the school bus in February of 2014 in Comal County, Texas. At the time, J.L. was twelve years old and in the sixth grade. J.L. usually sat next to her friend D.H., but D.H. was absent that day. During the bus ride home, appellant moved from the back of the bus and sat next to her. J.L. had

---

[1] This case is before this Court on transfer from the Third Court of Appeals in Austin pursuant to a docket-equalization order issued by the Supreme Court of Texas. See TEX. GOV'T CODE ANN. § 73.001.

[2] We refer to the minor complainant and witness by their initials to protect their privacy.

2

minimal prior contact with appellant because he spoke only Spanish. Without saying anything to J.L., appellant reached over and put his hand inside the front of her pants. J.L. tried to pull appellant's hand out from her pants, but "he just—he just went in deeper," penetrating her vagina with his fingers. J.L. estimated that the assault lasted ten to fifteen minutes. J.L. described being in shock throughout the incident. When the bus arrived at appellant's stop, he removed his hand from J.L.'s pants and exited the bus. Later in her testimony, when prompted by the State, J.L. recalled that the assault took place on February 14, 2014, or Valentine's Day.

J.L. testified that she later told her friend D.H. about the assault, and D.H. responded that appellant had done the same thing to her. In May of 2014, J.L informed her mother what happened, and her mother contacted law enforcement. J.L. also stated that she talked to a school counselor at some point about the incident.

Robert Gardner, a New Braunfels Police Department detective, testified regarding his investigation into J.L.'s allegations. After his assignment to the case, Detective Gardner scheduled a forensic interview for J.L. with the Comal County Children's Advocacy Center. Detective Gardner viewed the interview through a live video feed from a nearby room. The trial court later admitted a video recording of the interview into evidence. Detective Gardner spoke with the transportation department for Comal Independent School District and learned that there were no cameras on the bus where the alleged assault took place. He recalled that the assault was alleged to have occurred on February 14, 2014. On cross-examination, appellant showed Detective Gardner a

3

school calendar indicating that school was not in session on that date.[3]   Detective Gardner explained that this fact would not have affected his investigation:

> [S]chools do celebrate holidays on different days, even before an early release or when they actually have a holiday.   So they might have had a Valentine's Day going on at the school and celebrated on that Thursday. Children do associate things.   They get dates mixed up.   Sometimes they're not exact on it, so I wouldn't have ruled [the allegation] out because of that.

Appellant called multiple witnesses who attested to appellant's good character. The State responded by referencing appellant's school disciplinary history, which included inappropriately touching other female students.

D.H. testified in rebuttal for the State.   She said J.L. told her that appellant had touched her, but she maintained that J.L. did not go into detail.   D.H. stated that she did not personally have any interactions with appellant.

The jury returned a guilty verdict on both counts.   This appeal followed.

## II.   LEGAL SUFFICIENCY

By his first issue, appellant argues that the evidence is legally insufficient to support both of his convictions.

## A.   Standard of Review and Applicable Law

When examining the legal sufficiency of the evidence, we consider the combined and cumulative force of all admitted evidence in the light most favorable to the conviction to determine whether, based on the evidence and reasonable inferences therefrom, any rational trier of fact could have found each element of the offense beyond a reasonable doubt.   *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Ramsey v. State*, 473 S.W.3d 805,

---

[3] The trial court admitted the calendar, but the exhibit does not appear in the appellate record.

4

808 (Tex. Crim. App. 2015). In doing so, we give deference to the jury as factfinder to fairly resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from facts. *Salazar v. State*, 562 S.W.3d 61, 65 (Tex. App.—Corpus Christi–Edinburg 2018, no pet.). When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

We measure the legal sufficiency of the evidence against the elements of the offense as defined by a hypothetically correct jury charge for the case. *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011); *Salazar*, 562 S.W.3d at 65. Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the offense for which the defendant was tried. *Byrd*, 336 S.W.3d at 246; *Salazar*, 562 S.W.3d at 65.

**B.      Analysis**

For both convictions, appellant argues that the State failed to establish by legally sufficient evidence that appellant committed an offense after turning seventeen. We disagree.

When the defendant's age is an element of the offense, the State must establish the element with legally sufficient evidence. *See Caston v. State*, 549 S.W.3d 601, 606 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (reviewing whether there was legally sufficient evidence that the defendant was seventeen when he committed acts of sexual abuse as an element of continuous sexual abuse of a child under Texas Penal Code

5

§ 21.02); *Villarreal v. State*, 470 S.W.3d 168, 172 (Tex. App.—Austin 2015, no pet.) (reviewing whether there was legally sufficient evidence that the alleged abuse occurred when defendant was over the age of seventeen in appeal from an aggravated sexual assault of a child conviction). In addition, Texas Penal Code § 8.07(b) generally prohibits the prosecution or conviction of a person "of any offense committed before reaching 17 years of age" unless the juvenile court has waived its jurisdiction and certified the individual for criminal prosecution. TEX. PENAL CODE ANN. § 8.07(b).[4]

J.L. was unequivocal in her testimony that appellant sexually assaulted her in February of 2014, specifically February 14 or Valentine's Day. The record reflects that appellant turned seventeen on November 28, 2013. Accordingly, appellant would have been seventeen at the time of the offenses. Appellant maintains that the offense "could not have occurred on February 14, 2014, as the complainant testified" because the school was not in session on that day. However, we must presume that the jury resolved this conflicting evidence in favor of its verdict. *See Clayton*, 235 S.W.3d at 778. In that regard, Detective Gardner testified that "schools do celebrate holidays on different days, even before an early release or when they actually have a holiday. So they might have

---

[4] A person accused of committing a felony offense between his tenth and seventeenth birthdays is subject to the exclusive original jurisdiction of a juvenile court. *Moon v. State*, 451 S.W.3d 28, 37 (Tex. Crim. App. 2014); *see* TEX. FAM. CODE ANN. § 51.04(a). A defendant may challenge the trial court's jurisdiction on this basis by filing a written motion with the trial court:

> A claim that a district court or criminal district court does not have jurisdiction over a person because jurisdiction is exclusively in the juvenile court and that the juvenile court could not waive jurisdiction under Section 8.07(a) Penal Code, or did not waive jurisdiction under Section 8.07(b), Penal Code, must be made by written motion in bar of prosecution filed with the court in which criminal charges against the person are filed.

TEX. CODE CRIM. PROC. ANN. art. 4.18(a).

6

had a Valentine's Day going on at the school and celebrated on that Thursday." The jury could have reasonably inferred from the testimony that the offense occurred near February 14 when school was in session and not on some date prior to November 28, 2013. *See id*.

Accordingly, we conclude that the State established by legally sufficient evidence that appellant was seventeen years old when he committed the charged offenses. *See Jackson*, 443 U.S. at 319; *Ramsey*, 473 S.W.3d at 808. We overrule appellant's first issue.

### III.   JURY CHARGE

By his second issue, appellant argues that "[t]he trial court erred by failing to properly instruct the jury that they were required to find that the offense occurred after November 28, 2013, and before the date of the indictment." Appellant further maintains that he was egregiously harmed by the error, which he did not object to at trial.

### A.   Standard of Review and Applicable Law

It is the trial court's responsibility to deliver to the jury "a written charge distinctly setting forth the law applicable to the case . . . ." TEX. CODE CRIM. PROC. ANN. art. 36.14; *see Arteaga v. State*, 521 S.W.3d 329, 334 (Tex. Crim. App. 2017). A trial court's duty to instruct the jury on the law applicable to the case exists even when defense counsel fails to object to inclusions or exclusions in the charge. *Taylor v. State*, 332 S.W.3d 483, 486 (Tex. Crim. App. 2011). This responsibility may require the judge to *sua sponte* provide the jury with the law applicable to the case, under Article 36.14. *Id*. However, the trial court has no duty to instruct the jury on an unrequested defensive issue. *Id*. at

487 (citing *Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998)).

Appellant did not object to the jury charge in this case. Therefore, we may only reverse appellant's convictions if the charge error resulted in "egregious harm." *Neal v. State*, 256 S.W.3d 264, 278 (Tex. Crim. App. 2008). "Harm is egregious if it deprives the appellant of a fair and impartial trial." *Id*.; *see Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008) ("[J]ury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory."). Applying the egregious harm test requires considering (1) the jury charge, (2) the state of the evidence, (3) the parties' arguments, and (4) all other relevant information in the record. *See Allen*, 253 S.W.3d at 264.

## B. Analysis

Appellant complains that the following instruction, while a correct statement of law in most cases, improperly permitted the jury to convict appellant for conduct occurring before his seventeenth birthday:

> The State is not bound by the specific dates in the indictment that the offense is alleged to have been committed. A conviction may be had upon proof that the offense, if any, was committed at any time prior to the filing of the indictment that is within the period of limitations. The indictment in the instant case was filed on March 2, 2016. There is no period of limitations for the [charged offenses[5]]. Therefore, proof that the offense, if any, occurred prior to the filing of the indictment on March 2, 2016 is sufficient.

Appellant argues that the instruction should have read, in part, as follows: "Therefore, proof that the offense, if any, occurred after November 28, 2013, and prior to the filing of the indictment on March 2, 2016, is sufficient."

---

[5] The jury charge repeated identical instructions for each offense.

In *Taylor v. State*, 332 S.W.3d 483 (Tex. Crim. App. 2011), the Texas Court of Criminal Appeals addressed a similar complaint of jury charge error. The defendant in *Taylor* was charged by three separate indictments with aggravated sexual assault. *Id*. at 485. The complainant testified regarding sexually assaultive conduct committed by the defendant both before and after the defendant's seventeenth birthday. *Id*. at 485–86. Although the indictments alleged the offenses were committed on dates that followed the defendant's seventeenth birthday, the charge instructed the jurors that the State was not bound by the specific dates alleged and that they could convict the defendant if the offenses were committed at any time within the period of limitations. *Id*. at 487–88. The defendant complained on appeal of the absence of a § 8.07(b) instruction; that is, the jurors were not told that the defendant could not be convicted for conduct committed before his seventeenth birthday. *Id*. at 486; *see* TEX. PENAL CODE ANN. § 8.07(b).

The court of criminal appeals reviewed whether such an instruction was law applicable to the case or an unrequested defensive issue. *Taylor*, 332 S.W.3d at 486–87. The court noted that "[d]ue to the repeated testimony regarding the [defendant's] pre-seventeen conduct, the absence of an 8.07(b) instruction in the jury charges is problematic[.]" *Id*. at 488. It also noted that the jury was instructed that it could ignore the dates cited in the indictments and could convict the defendant for any offenses committed within the period of limitations. *Id*. The court concluded that, under those specific circumstances, § 8.07(b) was law applicable to the case on which the trial court had a duty to instruct the jury even in the absence of a request or objection by the

9

defendant. *Id*. at 488–49. Accordingly, the court held that the absence of a § 8.07(b) instruction, when combined with evidence of the defendant's conduct while he was a juvenile and the instruction that a conviction could be based on any conduct within the limitations period, "resulted in inaccurate charges that omitted an important portion of the law applicable to the case."[6] *Id*. at 489.

We find *Taylor* controlling but distinguishable. Like *Taylor*, the jury charge in this case instructed that the State was not bound by the specific dates alleged and that the jury could convict the defendant if the offenses were committed at any time within the period of limitations. However, the absence of a § 8.07(b) instruction was "problematic" in *Taylor* because the jury "received evidence upon which they were statutorily prohibited from convicting [the defendant]," i.e., "repeated testimony regarding [the defendant's] pre-seventeen conduct." *Id*. at 487. There was no such evidence in this case. To the contrary, J.L.'s testimony focused entirely on an incident that occurred over two months after appellant turned seventeen.[7] Unlike *Taylor*, there was no testimony in this case discussing any offenses that appellant might have committed prior to turning seventeen. Under these circumstances, we conclude that neither the instruction proposed by appellant on appeal nor the more general § 8.07(b) instruction constituted law applicable to the case. Therefore, the trial court was not required to *sua sponte* include the

---

[6] The court ultimately concluded, however, that the error did not result in egregious harm. *Taylor v. State*, 332 S.W.3d 483, 493 (Tex. Crim. App. 2011). It explained, "The defensive theory was that no sexual abuse occurred at any time. It is unlikely that the jury believed that [the defendant] sexually assaulted the victim before he turned 17 years old but not after[.]" *Id*.

[7] We note that D.H. could not specifically recall the date that J.L. told her about the alleged assault. However, in light of J.L.'s specific and uncontroverted testimony that the assault occurred in February of 2014 and her disclosure to her mother three months later in May, we are unpersuaded by appellant's contention that the jury considered any pre-seventeen conduct in reaching its verdict.

instruction, and the jury charge was not erroneous for the omission. *See id*. at 486. We overrule appellant's second issue.

Appellant brings two related issues. In his third issue, appellant argues that his trial counsel was ineffective for failing to object to the jury charge on the basis asserted in his second issue. In his fourth issue, appellant argues that the trial court erred by failing to grant his motion for new trial because his counsel was ineffective for failing to object to the jury charge. Because we have concluded that the jury charge was not erroneous, it necessarily follows that appellant cannot establish an ineffective-assistance-of-counsel claim related to his counsel's failure to object to the charge. *See Cardenas v. State*, 30 S.W.3d 384, 392 (Tex. Crim. App. 2000) (explaining that an appellant must show that he is entitled to a jury instruction to establish that his counsel was ineffective for failing to request the instruction). Accordingly, we overrule appellant's third and fourth issues.

## IV. DOUBLE JEOPARDY

By his fifth issue, appellant argues that his convictions for both indecency with a child by contact and aggravated sexual assault of a child arise from a single act and violate the Double Jeopardy Clause's guarantee against multiple punishments for the same offense. *See* U.S. CONST. amend. V; *see also* TEX. CONST. art. 1, § 14. The State agrees and requests that we vacate appellant's conviction for the lesser offense of indecency with a child by contact.

The Fifth Amendment to the United States Constitution protects against double jeopardy, providing that no person shall "be subject for the same offense to be twice put

11

in jeopardy of life or limb." *Id*. The Double Jeopardy Clause protects an accused against (1) a second prosecution for the same offense after an acquittal; (2) a second prosecution for the same offense after a conviction; and (3) multiple punishments for the same offense in a single prosecution. *Ex parte Amador*, 326 S.W.3d 202, 205 (Tex. Crim. App. 2010). A multiple-punishments double-jeopardy violation may arise in the context of lesser-included offenses when the same conduct is punished under both a greater and a lesser-included statutory offense. *Aekins v. State*, 447 S.W.3d 270, 274 (Tex. Crim. App. 2014). Indecency with a child is a lesser-included offense of aggravated sexual assault of a child when both offenses are predicated on the same act. *Evans v. State*, 299 S.W.3d 138, 143 (Tex. Crim. App. 2009). Here, the record establishes only a single act—appellant's penetration of J.L.'s sexual organ with his fingers. Accordingly, we agree with the parties that appellant's convictions for both indecency with a child by contact and aggravated sexual assault constitute multiple punishments for the same offense. *See id*. at 141 ("In [the multiple-punishments] context, the State may seek a multiple-count indictment based on violations of different statutes, even when such violations are established by a single act; but the defendant may be convicted and sentenced for only one offense."). We sustain appellant's fifth issue.

The remedy for a double jeopardy violation in the multiple-punishments context is to retain the conviction and sentence for the most serious offense, while setting aside the conviction and sentence for the lesser offense. *Littrell v. State*, 271 S.W.3d 273, 279 (Tex. Crim. App. 2008); *Bigon v. State*, 252 S.W.3d 360, 372 (Tex. Crim. App. 2008).

12

The most serious offense is typically the offense in which the greatest sentence is assessed. *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006). Here, appellant received a seven-year sentence for each conviction. Therefore, we must look to other factors, such as the degree of felony for each offense. *See Bigon*, 252 S.W.3d at 373. Aggravated sexual assault of a child is a first-degree felony, while indecency with a child by contact is a second-degree felony. TEX. PENAL CODE ANN. §§ 21.11, 22.021. Under these circumstances, we conclude that the "most serious" offense is aggravated sexual assault of a child. *See Bigon*, 252 S.W.3d at 372. Therefore, we must vacate the conviction for the lesser offense of indecency with a child by contact. *See id*.

## V. CONCLUSION

We affirm the judgment of conviction for aggravated sexual assault of a child. We reverse appellant's conviction for indecency with a child by contact and render a judgment of acquittal.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
22nd day of August, 2019.

13