

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00137-CR

GABRIEL MARQUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 72,408-A, Honorable Dan L. Schaap, Presiding

April 16, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., PIRTLE, and DOSS, JJ.

Through this appeal, Gabriel Marquez attacks his three convictions for aggravated sexual assault of a child and one for indecency with a child by sexual contact. Six issues are presented, four involve the sufficiency of the evidence underlying the jury's verdict of guilty. One implicates double jeopardy, and the other, the jury charge. We affirm.

*Issues One Through Four – Sufficiency of the Evidence*

Through his first four issues, appellant argues that the evidence was insufficient to support the four convictions because 1) the victim was unbelievable, 2) no other evidence

supported her testimony and 3) the evidence of guilt was unclear. The latter contention especially concerns the accusation that he caused his mouth to contact the victim's anus. We overrule the issues.

The standard of review applied in assessing whether appellant committed this crime was described in *Braughton v. State*, 569 S.W.3d 592, 607–08 (Tex. Crim. App. 2018), and we apply it here. So too do we note that a conviction under § 22.011 of the Texas Penal Code is supportable by the uncorroborated testimony of the victim if the victim informed any person, other than the accused, of the alleged offense within one year after the date on which the offense allegedly occurred. TEX. CODE CRIM. PROC. ANN. art. 38.07(a) (West Supp. 2019). However, the requirement that another person be informed is inapplicable if, at the time of the offense, the victim was 17 or younger. *Id.* art. 38.07(b)(1). So, in prosecutions for sexual offenses committed against children, a minor's testimony alone is sufficient to prove the alleged assault. *Cobbs v. State*, No. 04-18-00084-CR, 2019 Tex. App. LEXIS 375, at *4 (Tex. App.—San Antonio Jan. 23, 2019, no pet.) (mem. op., not designated for publication). The same is true regarding crimes of indecency by contact. *See Abbott v. State*, 196 S.W.3d 334, 341 (Tex. App.—Waco 2006, pet ref'd) (stating that a minor complainant's testimony alone is enough to support a conviction for indecency with a child).

Appellant does not deny that his victim, V.A., was about 10 years old at the time the alleged assaults began.[1] Nor does he deny that she testified to appellant 1) touching her private places or privates many times; 2) "stick[ing] his private in [her front part or vagina] . . . sometimes"; 3) climbing atop her and pulling her pants down while she

---

[1] She was 12 when testifying at trial.

attempted to sleep in her bed; 4) pulling down her pants to "where my ankles were and then . . . stick[ing] his private part in there"; which "hurt"; 5) placing his "private" "inside" her "butt" after turning her on her stomach, which also hurt; 6) putting his mouth on her "front part" and "butt"; 7) making her "grab his front part and then just go up and down with it"; 8) engaging in this conduct "more than once"; 9) engaging in it at the various homes they lived in over a course of time; and 10) engaging in it normally at night but also during the day when no one else was around. She also described "gooey stuff" coming out once he finished and she went to the bathroom. Other evidence admitted at trial included the victim's recorded statement declaring that appellant also licked "inside her butt."

The three counts of aggravated assault of a child alleged in the indictment consisted of appellant intentionally and knowingly 1) penetrating V.A.'s sexual organ with his own, 2) penetrating her anus with his sexual organ, and 3) causing his mouth to contact her anus. The indecency by sexual contact count alleged therein consisted of appellant causing V.A. to engage in sexual contact with his genitals. The aforementioned evidence was more than ample to lead a rational jury to conclude, beyond reasonable doubt, that appellant committed each crime averred in its respective count. Furthermore, the jury was free to believe the child victim's testimony described above. *Febus v. State*, 542 S.W.3d 568, 572 (Tex. Crim. App. 2018) (noting that the jury is free to accept one version of the facts and reject another). So too was it free to discredit any contradictory evidence or testimony. *Id.* And, in finding appellant guilty of the four counts, it undoubtedly resolved any conflicting inferences from the evidence in a manner favorable to the verdict. We have no choice but to defer to the manner in which the jury resolved

3

those evidentiary conflicts.  *Id.*  Simply put, the evidence is legally sufficient to support appellant's convictions.

Issue Five – Double Jeopardy

Appellant next asserts that his conviction for indecency by sexual contact "is barred by double jeopardy because it is subsumed in the aggravated sexual assault charges found in Counts 1 and 2 of the indictment."  Consequently, double jeopardy bars his conviction for engaging in sexual contact.  We overrule the issue.

First, we note that appellant raises double jeopardy for the first time on appeal. That being so, its success is dependent on whether 1) the undisputed facts show the purported violation is clearly apparent from the face of the record and 2) enforcement of the usual rules of procedural default serve no legitimate State interest.  *Garfias v. State*, 424 S.W.3d 54, 57–58 (Tex. Crim. App. 2014).

Next, it is true that indecency by sexual contact may be a lesser included offense of sexual assault.  *Evans v. State*, 299 S.W.3d 138, 141 (Tex. Crim. App. 2009) (so stating).  Furthermore, sexual contact that occurs while effectuating penetration may be subsumed in the completed act of penetration.  *Rodriguez v. State*, 446 S.W.3d 520, 534 (Tex. App.—San Antonio 2014, no pet.).  In other words, the contact offense is subsumed into the crime involving penetration.  And, when it is, convicting the accused of both constitutes double jeopardy.  *Id.*  Yet, this is not so when the acts of contact and penetration are separate and distinct.  *Id.*; *e.g., Bottenfield v. State*, 77 S.W.3d 349, 358 (Tex. App.—Fort Worth 2002, pet. ref'd) (finding no double jeopardy concerns since penetration by finger and contact by penis involved separate acts).  That is the situation here.

4

Appellant seems to be arguing that the sexual contact underlying count four may have occurred as he penetrated the child's vagina or anus, as described in counts one and two, respectively. If it did, then the act of contact was subsumed into the act of penetration. Yet, upon considering the evidence, we must conclude that his supposition is not clearly apparent from the face of the record. Why this is so we now illustrate. Again, count four involved appellant causing V.A. to touch his genitals, and the jury had before it evidence of appellant forcing the child to "grab" his penis and engage in an up and down motion. One could reasonably infer from such evidence that he forced her to masturbate him. In turn, count one involved the insertion of his penis in V.A.'s vagina while count two encompassed the penetration of V.A.'s anus with his penis. Viewing the evidence in that light, which is quite reasonable, one would have to logically conclude that the child's forced masturbation of appellant is a distinct offense from both his penetration of her vaginally and anally. So, we cannot say appellant carried his burden to prove the undisputed facts illustrated that the double jeopardy violation of which he speaks is clearly apparent from the face of the record.

*Issue Six – Jury Charge*

Appellant's last issue is best described with his own words. He avers that when the State accuses "an individual with different criminal acts, regardless of whether they constitute violations of the same or different statutory provisions, the jury must be instructed that it cannot return a guilty verdict unless it unanimously agrees upon the commission of any one of these criminal acts." "Although the jury charge in this case contained a general instruction regarding unanimity, there was no separate unanimity instruction in the application paragraphs concerning Counts 1, 2 and 4." So, in his view,

5

"one can only speculate whether the jury considered that the conduct described in Count 4 occurred at the same time, and was therefore subsumed, in the conduct described in Counts 1 and 2." Finally, the opinion of *Ngo v. State*, 175 S.W.3d 738 (Tex. Crim. App. 2005), is cited as support. We overrule the issue.

First, missing from the appellate record is the written jury charge about which appellant complains. This may explain why he did not cite to the appellate record while proffering his argument. Nevertheless, we found the document in the record of a separate appeal involving appellant's companion case in appellate cause number 07-19-00138-CR, and directed our court clerk to contact the trial court clerk and have filed with this court a supplemental clerk's record containing the jury charge in trial court cause number 72,408-A.

Second, each count at bar encompassed only one criminal act. This is important because the circumstances in *Ngo* did not. There, the State sought to convict Ngo with credit card abuse in one count and alleged three statutorily different criminal acts in the disjunctive to achieve that end. *Ngo*, 175 S.W.3d at 744. That is, it "sought one conviction for the commission of one credit card abuse offense by proving any of three different criminal acts, occurring at three different times, and in three different ways." *Id.* Under these circumstances and others where the State "charges different criminal acts" to prove one offense, the jury had to be instructed "that it cannot return a guilty verdict unless it unanimously agrees upon the commission of any one of these criminal acts." *Id.*

Here, there is no single count through which the State sought but one conviction by alleging multiple criminal acts. It sought multiple convictions by charging multiple counts. And, comprising each count was but one criminal act. Count one involved the

6

commission of aggravated sexual assault by appellant penetrating the victim's sexual organ. Through count two, appellant was accused of aggravated sexual assault by penetrating the victim's anus. Count three concerned the commission of aggravated sexual assault by appellant contacting the victim's anus, while the State charged appellant with indecency by causing the victim to engage in sexual contact in count four. The State, for instance, did not allege under count one that he sexually assaulted V.A. by penetrating her vagina **OR** penetrating her anus. Penetrating the sexual organ of a child and penetrating the anus of a child are different criminal acts proscribed by Texas statute. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i) (West 2019); *see Aekins v. State*, 447 S.W.3d 270, 279 (Tex. Crim. App. 2014) (stating that "Sexual Assault under subsection 22.011(a)(1)(A) criminalizes two separate acts—penetrating by any means (1) the anus, or (2) the sexual organ"). And, had the State so charged appellant with aggravated sexual assault of a child, then *Ngo* may have applied. Instead, here, each count encompassed one distinct criminal act.

Indeed, our situation likens to a different scenario discussed in *Ngo*, one where a single criminal act is averred but the evidence suggests it may have been committed in different factual ways. In that situation, the jury does not have to be unanimous on the preliminary factual issues constituting the commission of the one criminal act. As acknowledged in *Ngo*, there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict. *Ngo*, 175 S.W.3d at 745–46 (quoting *Schad v. Arizona*, 501 U.S. 624, 111 S. Ct. 2491, 115 L. Ed. 2d 555 (1991) (plurality opinion)). The jury "must unanimously agree on each 'element' of the crime in order to convict, but need not agree on all the 'underlying brute facts [that] make up a

7

particular element.' The crucial distinction is thus between a fact that is a specific *actus reus* element of the crime and one that is 'but the means' to the commission of a specific *actus reus* element." *Id.* at 747 (quoting *Richardson v. United States*, 526 U.S. 813, 119 S. Ct. 1707, 143 L. Ed. 2d 985 (1999)).

There is only one *actus reus* in each count at bar, though differing "brute facts" may illustrate its commission. As indicated above, the *actus reus* of count one is penetration of the child's sexual organ, for example. That in count two is the penetration of her anus. And, that in count four is causing the child to engage in sexual contact. TEX. PENAL CODE ANN. § 21.11(a)(1) (stating that a person commits an offense if he engages in sexual contact with the child or causes the child to engage in such contact). There being but one *actus reus* or criminal act in each count, appellant is mistaken in suggesting that the trial court was obligated to inform the jury that they had to be unanimous on the underlying "brute facts" establishing the *actus reus*. *See Aekins*, 447 S.W.3d at 279 (stating that "Sexual Assault under subsection 22.011(a)(1)(A) criminalizes two separate acts—penetrating by any means (1) the anus, or (2) the sexual organ" and while "[j]ury unanimity is required for these distinct acts . . . it is *not* required for the different means of committing a single distinct act (e.g., penetrating the anus with the defendant's finger, mouth, or sexual organ").

Having overruled appellant's issues, we affirm the judgments of the trial court.


Brian Quinn
Chief Justice


Do not publish.


8