

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-25-00284-CR
_____

ROCKY SALAZAR FLORES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 286th District Court
Hockley County, Texas
Trial Court No. 21-02-10000, Honorable Ron Enns, Presiding by Assignment

May 15, 2026

OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Rocky Salazar Flores, appeals his conviction for the offense of sexual assault of a child[1] and resulting sentence of 15 years' incarceration. We affirm the trial court's judgment.

---

[1] *See* TEX. PENAL CODE § 22.011(a)(2).

## BACKGROUND

On September 11, 2020, Heather Elizabeth Crisp,[2] who was 16 years old at that time, went to the home of Hector Garza. Crisp, who was under the influence of alcohol and methamphetamine, had sex with Garza. Afterward, Crisp smoked more methamphetamine. Appellant arrived at Garza's residence. Soon after, Appellant and Crisp went to a bedroom where they had sex. Following this, Crisp went into a bathroom and called her grandmother and asked her to come get Crisp. Crisp was taken to the hospital where a sexual assault examination was performed. A few days later, she was interviewed by Levelland Police.

Appellant was indicted for the offenses of sexual assault of a child and indecency with a child by contact.[3] However, this indictment was subsequently amended to allege only sexual assault of a child but provided for different manner and means for the offense. Prior to trial, Appellant elected to have the jury sentence him should he be convicted. During voir dire, several venire members indicated that they could not give meaningful consideration to the full range of punishment. Appellant challenged these potential jurors for cause. After the trial court further questioned these venire members, it granted Appellant's challenge for cause as to one but denied all other challenges for cause on this basis. Appellant requested additional peremptory challenges, and the trial court granted him one extra. After peremptory challenges were exercised, the jury was seated

---

[2] Crisp, who was 21 years old at the time of trial, made clear on the record that she did not want to use a pseudonym.

[3] *See* TEX. PENAL CODE § 21.11.

and sworn. After the presentation of evidence, Appellant requested that the jury charge include an instruction on mistake of fact and the lesser-included offense of indecency with a child by contact. The trial court denied both requests. The jury returned a verdict finding Appellant guilty of sexual assault of a child. After hearing punishment evidence, the jury returned a verdict recommending a 15-year sentence of incarceration. The trial court accepted the recommendation and entered judgment on the jury's verdicts. From this judgment, Appellant timely appeals.

Appellant presents three issues by his appeal. By his first issue, Appellant contends that the trial court erred by denying his challenges for cause of multiple venire members who stated that they could not consider the full range of punishment. Appellant further contends, through his second issue, that the trial court erred by refusing to instruct the jury regarding the affirmative defense of mistake of fact. Finally, by his third issue, Appellant contends that the trial court erred by refusing his request for inclusion of the lesser-included offense of indecency with a child by contact in the jury charge.

## DENIAL OF CHALLENGES FOR CAUSE

By his first issue, Appellant contends that the trial court erred when it denied his multiple challenges for cause relating to potential jurors who indicated that they could not consider the full range of punishment.

"Both the State and defense are entitled to jurors who can consider the entire range of punishment for the particular statutory offense . . . ." *Cardenas v. State*, 325 S.W.3d 179, 184 (Tex. Crim. App. 2010). To this end, when a potential juror indicates a bias against the law, either party or the judge may question the potential juror and explain the

3

law further to explore whether the juror might reconsider his position. *Id*.; *Rodriguez-Flores v. State*, 351 S.W.3d 612, 630 (Tex. App.—Austin 2011, pet. ref'd). Ultimately, the proponent of the challenge for cause has the burden of establishing that the challenge is proper, and he does not meet this burden unless he can show that the potential juror understood the requirements of the law but could not overcome his prejudice and follow the law. *Tracy v. State*, 597 S.W.3d 502, 512 (Tex. Crim. App. 2020).

To preserve error related to the denial of a challenge for cause, Appellant must show that: (1) he asserted a clear and specific challenge for cause, (2) he used peremptory challenges on the complained-of venire members, (3) he exhausted his peremptory challenges, (4) his request for additional strikes was denied, and (5) an objectionable juror sat on the jury. *Davis v. State*, 329 S.W.3d 798, 807 (Tex. Crim. App. 2010). Where an appellant fails to object to a specific juror who is seated on the case, error is not preserved. *Green v. State*, 934 S.W.2d 92, 105 (Tex. Crim. App. 1996).

In the present case, defense counsel questioned the venire panel about their ability to consider the full range of punishment, emphasizing the lower end of two years' incarceration for the offense of sexual assault of a child. Multiple panelists indicated that they could not consider the full range of punishment. After the trial court rehabilitated these potential jurors, Appellant reasserted his challenges for cause on this issue as to nine of them. The trial court denied the challenges. Appellant then requested nine additional peremptory strikes. The trial court granted Appellant one additional strike. The jury was then seated and sworn without any further consideration of the issue appearing on the record. Nowhere in the record does Appellant identify any specific objectionable

4

juror who sat on the jury. Consequently, under applicable law, he has failed to preserve this issue for review. *Id*. Appellant contends that, viewing the record as a whole, it is a "reasonable hypothesis" that an objectionable juror sat on the jury. However, Appellant's issue has not been properly preserved and is, therefore, waived. *Id*.; *see Asberry v. State*, No. 10-08-00237-CR, 2009 Tex. App. LEXIS 8512, at *5 (Tex. App.—Waco Nov. 4, 2009) (mem. op., not designated for publication), *aff'd by*, No. PD-0257-10, 2011 Tex. Crim. App. Unpub. LEXIS 101 (Tex. Crim. App. Feb. 16, 2011) (not designated for publication) (even though appellant challenged objectionable venire members for cause, used peremptory strikes on them, exhausted all peremptory challenges, and requested additional strikes, issue was waived because he did not identify any specific objectionable jurors who sat on jury).

We overrule Appellant's first issue.

## MISTAKE-OF-FACT INSTRUCTION

By his second issue, Appellant contends that the trial court erred in refusing to include a mistake-of-fact instruction in the jury charge. Appellant's entire argument for this issue contends that this Court should adopt mistake-of-fact as an affirmative defense to a sexual assault of a child claim. In support of his argument, he cites Judge Keller's dissent in *Fleming v. State*, 455 S.W.3d 577, 589–618 (Tex. Crim. App. 2014) (Keller, J., dissent). We note that the plain language of the sexual assault with a child statute is a strict liability offense when the victim is a child. *See* TEX. PENAL CODE § 22.011(a)(2) (". . . regardless of whether the person knows the age of the child at the time of the offense . . ."). The majority in *Fleming* held that the same language used in Texas Penal

5

Code section 22.021 is not unconstitutional even though it does not require proof of a culpable mental state regarding the victim's age or recognize an affirmative defense based on mistake of fact. *Fleming*, 455 S.W.3d at 583. Because we are bound by the precedent of the Texas Court of Criminal Appeals, *see, e.g., Jones v. State*, No. 07-23-00359-CR, 2024 Tex. App. LEXIS 1967, at *3–4 (Tex. App.—Amarillo Mar. 20, 2024, no pet.) (mem. op., not designated for publication) ("this Court has no authority to disregard precedent from the Court of Criminal Appeals and is bound to follow such precedent"), and that court does not recognize a mistake-of-fact defense in sexual assault of a child cases, *see Fleming*, 455 S.W.3d at 583, we overrule Appellant's second issue.

### INDECENCY WITH CHILD

By his third issue, Appellant contends that the trial court erred by refusing his request for inclusion of the lesser-included offense of indecency with a child by contact in the jury charge.

We review a trial court's refusal to include a lesser-included-offense instruction in the court's charge for an abuse of discretion. *Manahan v. State*, Nos. 07-18-00196-CR, 07-18-00197-CR, 2019 Tex. App. LEXIS 10232, at *3 (Tex. App.—Amarillo Nov. 25, 2019, no pet.) (mem. op., not designated for publication) (citing *Threadgill v. State*, 146 S.W.3d 654, 666 (Tex. Crim. App. 2004) (en banc)). The Court of Criminal Appeals has identified the two-part process by which we determine whether a defendant was entitled to a lesser-included-offense instruction.

> First, we must determine whether the proof necessary to establish the charged offense also includes the lesser offense. This is a question of law, and it does not depend on the evidence to be produced at trial. Second, if

6

this requirement is met, we must further determine whether there is some evidence in the record that would permit the jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense. Under this second step, "anything more than a scintilla of evidence may be sufficient to entitle a defendant to a lesser charge." A defendant is entitled to an instruction on a lesser-included offense regardless of whether the evidence supporting the instruction "is weak, impeached, or contradicted." . . . However, "it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted." Ultimately, the inquiry is whether the evidence establishes the lesser-included offense as a valid, rational alternative to the charged offense.

*Simms v. State*, 629 S.W.3d 218, 222 (Tex. Crim. App. 2021) (internal citations omitted).

As indicated, the first step in our analysis is determining whether indecency with a child by contact is a lesser-included offense of sexual assault of a child as a matter of law.[4] *Id*. In conducting this analysis, we compare the elements of the offense as alleged in the indictment with the elements of the potential lesser-included offense. *Hall v. State*, 225 S.W.3d 524, 535–36 (Tex. Crim. App. 2007). An offense is a lesser-included offense as a matter of law if "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged . . . ." TEX. CODE CRIM. PROC. art. 37.09(1). In *Evans v. State*, the Court of Criminal Appeals upheld the appeals court's determination that indecency with a child is a lesser-included offense of aggravated

---

[4] As alleged in the indictment, sexual assault of a child is committed when a person, "regardless of whether the person knows the age of the child at the time of the offense, . . . intentionally or knowingly causes the penetration of the anus or sexual organ of a child by any means . . ." or "causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor . . . ." TEX. PENAL CODE § 22.011(a)(2)(A), (C). Indecency with a child by contact, as requested by Appellant, is committed when a person, "with a child younger than 17 years of age, . . . regardless of whether the person knows the age of the child at the time of the offense, . . . engages in sexual contact with the child or causes the child to engage in sexual contact . . . ." *Id*. § 21.11(a)(1).

sexual assault of a child when both offenses are predicated on the same act. 299 S.W.3d 138, 143 (Tex. Crim. App. 2009). It explained that the distinction between the offenses is that the sexual contact of the indecency offense is a lesser amount of contact than the penetration required in proof of aggravated sexual assault. *Id*. In the present case, we believe that the same analysis applies and that indecency with a child by contact is a lesser-included offense of sexual assault of a child as alleged.

As to the second step, at the charge conference Appellant requested the inclusion of a jury charge instruction on indecency with a child by contact. However, Appellant's request did not specify any evidence either raising the offense of indecency or negating the offense of sexual assault. All counsel said relating to his indecency request was, "we believe we're entitled based upon the evidence presented that we're entitled to a[n] indecency with a child lesser included instruction, contained within the charge. It would be of a second degree by contact." Because Appellant did not point to any evidence that would have entitled him to an instruction on indecency by contact, he has failed to preserve his complaint unless the evidence was manifest. *Green v. State*, 713 S.W.3d 865, 875 (Tex. Crim. App. 2025); *Williams v. State*, 662 S.W.3d 452, 462 (Tex. Crim. App. 2021). The record does not include evidence manifestly raising the issue of indecency with a child by contact. Because Appellant failed to preserve his complaint regarding inclusion of a lesser-included offense instruction on indecency with a child by contact, we overrule his third issue.

**CONCLUSION**

Having overruled each of Appellant's issues, we affirm the judgment of the trial court.

Judy C. Parker
Chief Justice

Publish.